[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10955
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cr-00058-CAP-JFK-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERNANDO DAVIS,
a.k.a. Bernardo Davis,
a.k.a. Bernardo O. Davis,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 2, 2014)

Before MARCUS, WILLIAM PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Bernando Davis appeals his convictions and total 259-month sentence for

conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371; 15 counts of wire

fraud, in violation of 18 U.S.C. § 1343; and 15 counts of aggravated identity theft,

in violation of 18 U.S.C. § 1028A.  On appeal, Davis contends that the district court: (1) abused its discretion by not ordering a psychological evaluation of him to assess his competency to stand trial; (2) abused its discretion by denying his counsel's second motion for a continuance; (3) abused its discretion by admitting at trial improper extrinsic evidence about an uncharged consumer-affairs investigation and uncharged criminal activity; (4) erred by denying his motion for a judgment of acquittal as to Counts 13, 16, 28, and 31; (5) erred by applying a six-level number of victims enhancement; and (6) abused its discretion by imposing a sentence that was unreasonable.  After thorough review, we affirm.

We review for abuse of discretion the denial of a defendant's motion for a competency evaluation and the denial of a defendant's motion for a continuance at trial.  United States v. Valladares, 544 F.3d 1257, 1261 (11th Cir. 2008); United States v. Nickels, 324 F.3d 1250, 1251 (11th Cir. 2003).  A district court has broad discretion to determine the admissibility of evidence at trial, and we will not disturb such determinations absent a "clear abuse of discretion."  United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998).  We review de novo the denial of a motion for a judgment of acquittal on sufficiency-of-the-evidence grounds.  United States v. Friske, 640 F.3d 1288, 1290 (11th Cir. 2011).  We review the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error.  United States v. Bane, 720 F.3d 818, 824 (11th

2

Cir.), cert. denied, 134 S.Ct. 835 (2013).  Finally, we review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion."  United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

First, we are unpersuaded by Davis's claim that the district court abused its discretion by not ordering a psychological evaluation.  The relevant law provides:

> At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, . . . the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant.  The court shall grant the motion . . . if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C. § 4241(a).  A district court may rule on a § 4241(a) motion for a competency evaluation without conducting a "full dress" hearing so long as it has "no bona fide doubt" that the defendant is in fact competent.  Nickels, 324 F.3d at 1251-52.  "The legal test for competency is whether a defendant had 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and whether he had 'a rational as well as factual understanding of the proceedings against him.'"  Id. (citation omitted).

Previously, we've noted that so-called "sovereign citizens" are individuals who believe they are not subject to courts' jurisdiction and often deny being named defendants in actions to which they are parties, instead referring to themselves as

3

third-party intervenors. United States v. Sterling, 738 F.3d 228, 233 n.1 (11th Cir. 2013), cert. denied, 134 S.Ct. 2682 (2014). We've further said that courts repeatedly have been confronted with sovereign citizens' attempts to delay judicial proceedings, and summarily have rejected their legal theories as frivolous. Id.

Here, the district court did not abuse its discretion by not ordering a psychological evaluation of Davis. As the record reveals, Davis's numerous pretrial assertions and pro se filings that reflected his sovereign-citizen ideology and beliefs, including those regarding secretive accounts at the U.S. Treasury Department and Davis's status as an incorporated entity, did not render him mentally incompetent to stand trial. See id. In fact, they suggested, if anything, that Davis factually grasped the nature of his proceedings and was attempting to avoid them through exculpatory, but frivolous, legal arguments and theories. See Nickels, 324 F.3d at 1252. In addition, the district court expressly noted its familiarity with Davis's arguments from past experience, and found that his conduct was not "irrational." Thus, the district court did not abuse its discretion by not ordering a psychological evaluation since, based on its numerous pretrial interactions with Davis, it had no bona fide doubt that Davis was behaving rationally and in accordance with his sovereign citizen beliefs. See id.

We also find no merit to Davis's argument that the district court abused its discretion by denying counsel's motion for a continuance. To prevail on this

4

claim, a party must show that the denial resulted in "specific substantial prejudice." United States v. Verderame, 51 F.3d 249, 251 (11th Cir. 1995). To do so, the party affirmatively must identify relevant, non-cumulative evidence that would have been presented if the motion had been granted. Valladares, 544 F.3d at 1262.

In this case, the district court did not abuse its discretion by denying Davis's counsel's second motion for a continuance. Indeed, the superseding indictment merely charged additional new victims, without altering the theory of prosecution. Moreover, Davis did not show it was not feasible for his counsel to adequately prepare for the new victims, or that he suffered specific substantial prejudice.

Next, we are unconvinced by Davis's claim that the district court abused its discretion by admitting at trial improper extrinsic evidence. The Federal Rules of Evidence provide that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed.R.Evid. 404(a)(1). Further, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed.R.Evid. 404(b)(1). Nevertheless, evidence of uncharged conduct "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed.R.Evid. 404(b)(2). This evidence is admissible if it (1) arose out of

5

the "same transaction or series of transactions as the charged offense," (2) was "necessary to complete the story of the crime," or (3) was "inextricably intertwined with the evidence regarding the charged offense." McLean, 138 F.3d at 1403 (citation omitted). This evidence is also admissible to explain the "context, motive and set-up" or to "complete the story" of the alleged offenses for the jury. Id.

Here, the district court did not abuse its discretion by admitting extrinsic testimony and evidence about Davis's text messages concerning an uncharged consumer-affairs investigation and his uncharged criminal activity. Those messages were not offered at trial to prove Davis's criminal propensity, but rather to show his intent during the scheme and knowledge that his actions were criminal in nature. Further, those messages arose out of and were inextricably intertwined with testimony about Davis's efforts to conceal the illegal scheme from authorities.

We also reject Davis's claim that the district court erred by denying his motion for a judgment of acquittal as to Counts 13, 16, 28, and 31. In reviewing a sufficiency-of-the-evidence challenge, we consider the evidence in the light most favorable to the government, drawing in its favor all reasonable inferences and credibility choices. Friske, 640 F.3d at 1290-91. "A jury's verdict cannot be overturned if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt." Id. at 1291 (citation omitted). The evidence need not be inconsistent with every reasonable hypothesis

6

except guilt, and the jury is free to choose between or among reasonable conclusions that could be drawn from the trial evidence. Id. If the government relies on circumstantial evidence, reasonable inferences, not mere speculation, must support the conviction. Id. "The test for sufficiency of evidence is identical regardless of whether the evidence is direct or circumstantial, and no distinction is to be made between the weight given to either direct or circumstantial evidence." United States v. Kendrick, 682 F.3d 974, 984 (11th Cir. 2012) (citation omitted).

To sustain a conviction under 18 U.S.C. § 1343, the government must prove (1) intentional participation in a scheme or artifice to defraud another of money or property, and (2) use of wires for the purpose of executing the scheme or artifice. See 18 U.S.C. § 1343; United States v. Ward, 486 F.3d 1212, 1221-22 (11th Cir. 2007). To sustain a conviction under § 1028A(a)(1), the government must prove (1) the knowing transfer, possession, or use of; (2) the means of identification of another; (3) without lawful authority; and (4) during and in relation to a felony enumerated in § 1028A(c). See 18 U.S.C. § 1028A(a)(1); United States v. Bonilla, 579 F.3d 1233, 1242 (11th Cir. 2009). The enumerated felonies in § 1028A(c) include "any provision enumerated in chapter 63 (relating to mail, bank, and wire fraud)." 18 U.S.C. § 1028A(c)(5). A conspirator may be held liable criminally for reasonably foreseeable substantive offenses committed in furtherance of the

7

conspiracy, even if he did not personally participate in those offenses. Pinkerton v. United States, 328 U.S. 640, 647-48 (1946).

The district court in this case did not err by denying Davis's motion for a judgment of acquittal. Counts 13 and 28 concerned Davis's wire fraud and aggravated identity theft as to Robert Byers, while Counts 16 and 31 concerned Davis's wire fraud and aggravated identity theft as to Shunte Turner. As the record shows, the government introduced consistent evidence and testimony sufficient to find Davis guilty of all of these counts, including, inter alia: (1) a false tax return filed in Byers's name, which included his signature and listed Davis as the preparer; (2) testimony from Byers's sister, Betty, who verified that the return filed by Davis had Byers's correct social security number, false occupation of student, and false residence; (3) Turner's application for tax credit refund, which included her handwritten signature; and (4) a false tax return filed in Turner's name, which included the identical, allegedly taped, handwritten signature. Moreover, contrary to Davis's claim, direct testimony from the victims was not required to establish that Davis's co-conspirator had filed a return in their names without authorization, since circumstantial evidence overwhelmingly established those facts.

Likewise, we find no merit to Davis's claim that the sentencing court erred by applying a number-of-victims enhancement. The Sentencing Guidelines provide that a defendant's base offense level shall be increased by 6 levels if the

8

offense involved 250 or more victims.  U.S.S.G. § 2B1.1(b)(2)(C).  In a case involving use of a means of identification, the term "victim" means "any individual whose means of identification was used unlawfully or without authority."  Id., comment. (n.4(E)).  The Guidelines also provide that the sentence for a defendant convicted of aggravated identity theft under § 1028A is the statutory term of imprisonment.  U.S.S.G. § 2B1.6.  The Guidelines commentary elaborates that:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for the transfer, possession, or use of a means of identification when determining the sentence for the underlying offense.  A sentence under this guideline accounts for this factor for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under [U.S.S.G.] § 1B1.3 (Relevant Conduct).  "Means of identification" has the meaning given that term in 18 U.S.C. § 1028(d)(7).

U.S.S.G. § 2B1.6, comment. (n.2).  "Means of identification" is defined as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any . . . (A) name, social security number, [or] date of birth . . . ."  18 U.S.C. § 1028(d)(7)(A).

We've previously held that Application Note 2 precludes the application of additional enhancements only if those enhancements pertain specifically to the "transfer, possession, or use of a means of identification."  See United States v. Cruz, 713 F.3d 600, 607-08 (11th Cir.) (affirming the application of § 2B1.1(b)(10)(A)(i) use-of-device-making-equipment enhancements, which did not

9

concern the use of a means of identification, to the base offense levels associated with § 1028A, since the plain language of Application Note 2 did not bar the application of all "relevant conduct" enhancements), cert. denied, 133 S.Ct. 2788 (2013); United States v. Charles, 757 F.3d 1222, 1227 (11th Cir. 2014) (reversing the application of a § 2B1.1(b)(11)(B)(i) trafficking-of-an-unauthorized-access-device enhancement to a defendant also convicted under § 1028A).

Here, the district court did not err by imposing the § 2B1.1(b)(2)(C) enhancement. As the record shows, there were thousands of victims whose personal identifying information was compromised as part of the scheme in which Davis participated, and they clearly qualified as "victims" under the plain language of § 2B1.1(b)(2)(C) and Application Note 4(E) to that section. As for his argument concerning Application Note 2, that Note only precludes enhancements premised on, inter alia, the use of a means of identification, which included Davis's misuse and distribution of individuals' social security numbers. However, the number-of-victims enhancement that was applied to Davis's base offense level for the underlying substantive offenses was predicated only on the number of victims, not victimization by use of a means of identification. Thus, his claim is without merit.

10

Finally, we reject Davis's claim that his sentence was substantively unreasonable.[1]  We consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'"  Pugh, 515 F.3d at 1190 (quoting Gall, 552 U.S. at 51).  "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor[2] . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented."  United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted).  We will not reweigh the relevant § 3553(a) factors, nor will we remand for resentencing unless the district court committed a clear error of judgment in weighing the § 3553(a) factors by imposing a sentence outside the range of reasonable sentences.  United States v. Langston, 590 F.3d 1226, 1237 (11th Cir. 2009).  The challenger of the sentence bears the burden to show it is unreasonable.  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).  We ordinarily

---

[1] Davis does not challenge procedural reasonableness, aside from his claim concerning the § 2B1.1(b)(2)(C) enhancement, which we've already explained was correctly applied here.

[2] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

11

expect a guideline range sentence to be reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008).

As we've noted, the district court is required to avoid unwarranted sentence disparities between defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6). "A well-founded claim of disparity, however, assumes that apples are being compared to apples." United States v. Docampo, 573 F.3d 1091, 1101 (11th Cir. 2009) (citation omitted). A defendant who cooperates with the government and enters into a plea agreement is not similarly situated to a codefendant that proceeds to trial. Id. Even if the cooperating defendant receives a substantially shorter sentence than the defendant who proceeds to trial, there is no unwarranted disparity. Id.

Here, the district court did not impose a substantively unreasonable sentence. The record reveals that the court took into account the § 3553(a) factors, including the seriousness of Davis's tax fraud-scheme offenses and the corresponding need for victim restitution, rehabilitation, punishment, deterrence, and incapacitation. Moreover, Davis's reliance on his two co-conspirators' relatively lower sentences is misplaced, since they pled guilty and agreed to cooperate with the government, whereas he did not.

**AFFIRMED**.

12