[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 12-16603; 13-12600
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-00512-JEC-LTW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY VINCENT CARTMAN,
a.k.a. Anthony Vincent,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(April 8, 2015)

Before MARCUS, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Anthony Cartman appeals his convictions and sentences for one count of

conspiracy to cause false representations to be made in a federal firearm licensee's records, in violation of 18 U.S.C. § 371, seven counts of causing false representations to be made, in violation of 18 U.S.C. § 924(a)(1)(A), and five counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  Cartman argues that his convictions should be reversed because he was denied the right to self-representation in violation of the Sixth Amendment.  In the event this argument does not prevail, Cartman asserts that his total sentence was unreasonable because of the sentencing disparity between him and a codefendant.

Whether a defendant knowingly and intelligently waived his right to counsel is a mixed question of law and fact that we review *de novo.  United States v. Cash*, 47 F.3d 1083, 1088 (11th Cir. 1995).  We review the reasonableness of a sentence under an abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 46, 128 S. Ct. 586, 594 (2007).

## I.

Cartman first argues that the district court erred by denying his requests to represent himself.  A violation of the right to self-representation triggers automatic reversal.  *United States v. Davila*, 133 S. Ct. 2139, 2149 (2013).

A criminal defendant has a constitutional right to self-representation when he knowingly, voluntarily, and intelligently chooses to waive the right to counsel. *Cash*, 47 F.3d at 1088.  Whether a defendant knowingly waived his right to

2

counsel depends on the particular facts and circumstances of the case. *United States v. Garey*, 540 F.3d 1253, 1266 (11th Cir. 2008) (*en banc*). We may look to subsequent events to determine if the defendant's decision to waive the right to counsel was made knowingly and voluntarily. *United States v. Stanley*, 739 F.3d 633, 646 (11th Cir. 2014), *cert. denied*, 134 S. Ct. 2317 (2014). If the district court concludes that a defendant's irrational or uncooperative conduct is the result of "serious mental illness, confusion, or any other condition indicative of a lack of understanding," it should prohibit the defendant from proceeding *pro se* even if the defendant affirmatively requests to do so. *Garey*, 540 F.3d at 1267 n.9.

We have identified eight factors relevant to determining whether a defendant's waiver of the right to counsel was valid: (1) the defendant's age, health, and education; (2) the defendant's contact with lawyers before trial; (3) the defendant's knowledge of the nature of the charges and the possible defenses and penalties; (4) the defendant's understanding of the rules of evidence, procedure, and courtroom decorum; (5) the defendant's prior experience in criminal trials; (6) whether standby counsel was appointed and, if so, the extent to which standby counsel aided in the trial; (7) mistreatment or coercion of the defendant; and (8) whether the defendant was trying to manipulate the trial. *United States v. Kimball*, 291 F.3d 726, 730-31 (11th Cir. 2002).

If a defendant had significant contact with an attorney before trial, exposing

3

the defendant to the complexity of the case and the legal process, the contact weighs in favor of a valid waiver. *Stanley*, 739 F.3d at 647-48. A defendant's technical legal knowledge, such as an understanding of the rules of hearsay, is not relevant to the inquiry of whether a waiver was valid. *Kimball*, 291 F.3d at 731. However, the defendant must be aware that rules exist to govern the procedure of the trial, the introduction of evidence, and the behavior of advocates, and that he or she will be bound by those rules. *Id.*

Cartman did not validly waive his right to counsel. Cartman did not say that he understood the nature of the charges against him or possible defenses open to him and did not acknowledge the elements of the offenses that the Government was required to prove. He never acknowledged that he knew he would be bound by the rules applicable to criminal trials. Moreover, he failed to show an understanding of courtroom decorum. Prior to trial, Cartman refused to answer questions posed to him by the district court, and at his sentencing hearing, he refused to follow explicit instructions and repeatedly interrupted the court and the Government. He also had no prior criminal trial experience. While other factors may weigh in favor of the validity of his waiver, the above considerations control. Accordingly, the district court did not err in denying Cartman the right to self-representation.

## II.

Cartman also contends that his total sentence was unreasonable in light of the sentencing disparity between him and a codefendant, Tchaka Shields.  In determining whether a sentence was substantively reasonable, we take into account the totality of the circumstances.  *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.  The party challenging the sentence bears the burden of showing that the sentence was unreasonable in light of the record and the § 3553(a) factors.  *United States v. Early*, 686 F.3d 1219, 1221 (11th Cir. 2012).

The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth" in § 3553(a)(2), including the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  18 U.S.C. § 3553(a), (a)(2).  The district court must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, pertinent policy statements issued by the Sentencing Commission, the need to avoid unwarranted sentencing disparities between defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to victims of the offense.  *Id.* § 3553(a)(1), (3)-(7).

The weight to be accorded to any given § 3553(a) factor lies in the sound

5

discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). We will not vacate a sentence as substantively unreasonable unless we are left with a definite and firm conviction that the district court clearly erred in weighing the § 3553(a) factors and imposed a sentence outside the reasonable range of sentences warranted by the facts of the case. *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*). A disparity in sentences between codefendants is generally not an appropriate basis for relief on appeal. *United States v. Regueiro*, 240 F.3d 1321, 1325-26 (11th Cir. 2001). Finally, while we do not automatically presume that a sentence within the Sentencing Guidelines range is reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

The district court did not abuse its discretion in imposing a 137-month total sentence despite the fact that one of Cartman's codefendants received only a 37-month sentence. Even if disparities in sentences between codefendants were an appropriate basis for relief, Cartman's sentence was substantively reasonable. It was within the Guidelines range, and several § 3553(a) factors, such as the danger Cartman presented to the public and the need to promote respect for the law, weighed in favor of his sentence. Cartman was previously convicted for being a felon in possession of a firearm and committed the instant offenses, all of which involve firearms, while on probation for that conviction. Finally, Cartman and

6

Shields were not similarly situated for purposes of § 3553(a)(6).  While Shields may have committed the same underlying conduct as Cartman, he was not found guilty of the same conduct.

Upon review of the record and consideration of the parties' briefs, we perceive no error in the district court's denial of Cartman's requests to represent himself or in the reasonableness of Cartman's total sentence.  Accordingly, we affirm Cartman's convictions and total sentence.

**AFFIRMED.**