ZACHARY, Judge.
 

 *412
 
 Charles Drew Faulkner (defendant) appeals from judgments revoking his probation and activating the corresponding sentences that were imposed upon his convictions of criminal offenses in 2013 and 2014. Defendant argues on appeal that the trial court erred by allowing him to represent himself without first determining that his request to proceed
 
 pro se
 
 was knowing and voluntary. We conclude that the trial court properly conducted the inquiry required under N.C. Gen. Stat. § 15A-1242 (2015), and thus did not err by allowing defendant to represent himself at the probation revocation hearing.
 

 I. Factual and Procedural History
 

 On 14 August 2013, defendant pleaded guilty to the sale of marijuana, possession of marijuana with intent to sell or deliver, possession of drug paraphernalia, and possession of a firearm by a convicted felon. The drug-related charges were consolidated and defendant was sentenced to a term of 10-21 months' imprisonment; the sentence was suspended
 
 *413
 
 and defendant was placed on supervised probation for 24 months. Defendant received a consecutive suspended sentence of 17-30 months' imprisonment for possession of a firearm by a felon.
 
 [1]
 
 On 20 November 2014, defendant pleaded guilty to possession of marijuana with intent to sell or deliver, possession of drug paraphernalia, and maintenance of a dwelling for the purpose of selling marijuana. The court imposed two consecutive sentences of 6-17 months imprisonment, which were suspended, and defendant was placed on probation for a period of 36 months.
 

 On 19 May 2015, defendant's probation officer filed violation reports alleging violations by defendant of the terms of the probationary sentences imposed in 2013, including
 
 *838
 
 his commission of the offenses to which he pleaded guilty in 2014, and being in arrears on court-ordered payments. It was also alleged that defendant had violated the terms of the 2014 probationary sentences in several respects, including having tested positive for the presence of marijuana. On 8 June 2015, defendant appeared in court on the charges of violating the terms of his probation. The trial court informed defendant that if he were indigent he would qualify for court-appointed counsel and that he also could hire an attorney or represent himself. After discussing the issue with defendant, the trial court granted defendant's request to represent himself with the assistance of standby counsel.
 

 On 30 August 2015, the trial court conducted a probation revocation hearing. Defendant, who appeared
 
 pro se
 
 , did not offer evidence or raise any arguments pertaining to the substantive merits of the probation violation reports. Instead, defendant relied solely on the argument that he was a "Moorish National" or "sovereign citizen" and therefore was not subject to the court's jurisdiction. At the end of the hearing, the trial court found that defendant had violated the terms of his probation. The court activated the suspended sentences previously imposed on defendant and consolidated the judgments into two consecutive sentences of 14-26 months' followed by 6-17 months' imprisonment. Defendant gave oral notice of appeal.
 

 II. Standard of Review
 

 On appeal, defendant contends that the trial court erred by allowing him to represent himself without making a valid determination that
 
 *414
 
 defendant's decision to proceed
 
 pro se
 
 was knowing, intelligent, and voluntary. We do not agree.
 

 It is well-established that "[t]he right to counsel provided by the Sixth Amendment to the United States Constitution also provides the right to self-representation."
 
 State v. White
 
 ,
 
 349 N.C. 535
 
 , 563,
 
 508 S.E.2d 253
 
 , 270-71 (1998) (citing
 
 Faretta v. California
 
 ,
 
 422 U.S. 806
 
 ,
 
 95 S.Ct. 2525
 
 ,
 
 45 L.Ed.2d 562
 
 (1975), and N.C. Const. art. I, § 23 ). "Before allowing a defendant to waive in-court representation by counsel, however, the trial court must insure that constitutional and statutory standards are satisfied."
 
 State v. Thomas
 
 ,
 
 331 N.C. 671
 
 , 673,
 
 417 S.E.2d 473
 
 , 475 (1992). "[I]t is error for a trial court to allow a criminal defendant to release his counsel and proceed
 
 pro se
 
 unless, first, the defendant expresses 'clearly and unequivocally' his election to proceed
 
 pro se
 
 and, second, the defendant knowingly, intelligently, and voluntarily waives his right to in-court representation."
 
 White
 
 ,
 
 349 N.C. at 563
 
 ,
 
 508 S.E.2d at 271
 
 (citation omitted).
 

 Under North Carolina law, " 'Once a defendant clearly and unequivocally states that he wants to proceed
 
 pro se
 
 , the trial court ... must determine whether the defendant knowingly, intelligently, and voluntarily waives the right to ... representation by counsel.' A trial court's inquiry will satisfy this constitutional requirement if conducted pursuant to N.C.G.S. § 15A-1242."
 
 State v. Moore
 
 ,
 
 362 N.C. 319
 
 , 322,
 
 661 S.E.2d 722
 
 , 724 (2008) (quoting
 
 Thomas
 
 ,
 
 331 N.C. at 674
 
 ,
 
 417 S.E.2d at
 
 476 ). N.C. Gen. Stat. § 15A-1242 provides as follows:
 

 A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:
 

 (1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;
 

 (2) Understands and appreciates the consequences of this decision; and
 

 (3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.
 

 "We review a trial court's decision to permit a defendant to represent himself
 
 de novo
 
 ."
 
 State v. Garrison
 
 , --- N.C. App. ----, ----,
 
 788 S.E.2d 678
 
 , 679 (2016) (citing
 
 State v. Watlington
 
 ,
 
 216 N.C.App. 388
 
 , 393-94,
 
 716 S.E.2d 671
 
 , 675 (2011) ).
 

 *415
 

 III. Discussion
 

 Defendant argues that the trial court committed reversible error by allowing him to proceed
 
 pro se
 
 at the probation revocation hearing without first determining that defendant's
 
 *839
 
 decision was knowing, intelligent, and voluntary. Analysis of this issue is best understood by reviewing the colloquy between the trial court and defendant, which is set out below:
 

 PROSECUTOR: ... Charles Drew Faulkner. It's on for a first appearance for his probation violation. Needs to be advised.
 

 DEFENDANT: For the record, let the record show I'm Charles Drew Faulkner. I'm Moorish American National.
 

 THE COURT: Please stand, sir. You're charged with violating probation. If you were to be found in violation, you could have probation revoked. Your suspended sentences are 10 to 21 months, 14 to 26 months, 6 to 17 months and 6 to 17 months. Those are the sentences you could possibly be required to serve if you were found in violation and subject to revocation. Because of that, you're entitled to be represented by a lawyer. If you desire a lawyer and cannot afford one, the Court will appoint a lawyer to represent you at no cost to you at this time. An appointed lawyer is not necessarily free, in that if you were to be found in violation of probation, one of the conditions of judgment would be that you be required to reimburse the State for the value of your court-appointed attorney's services. You have the right to represent yourself, retain a lawyer to represent you or to apply for a court-appointed lawyer. Do you understand those matters, sir?
 

 DEFENDANT: Yes, I understand.
 

 THE COURT: What do you want to do about a lawyer?
 

 DEFENDANT: Represent myself.
 

 THE COURT: All right. The law requires me to have additional discussion with you. Do you understand if you choose to represent yourself, that I may not serve as a legal adviser to you?
 

 DEFENDANT: I understand.
 

 *416
 
 THE COURT: That you would be expected to know and follow the rules and procedures that would be applicable as if you had a lawyer. Do you understand that?
 

 DEFENDANT: Yes.
 

 THE COURT: At a probation violation hearing, the State's not required to prove violations beyond a reasonable doubt, but only to the reasonable satisfaction of a judge. Do you understand that?
 

 DEFENDANT: Yes. Can you state your jurisdiction for the record?
 

 THE COURT: Further, do you understand that there might be things about the law that you don't understand because you're not schooled in law? There might be things that you couldn't take advantage of that would be to your benefit if you knew about. If you choose to represent yourself, you are, in effect, understanding all the circumstances you have, you are knowing the consequences and you further understand there might be things about the law that you can't use to your benefit? Do you understand that?
 

 DEFENDANT: I don't.
 

 THE COURT: There may be things about the law and procedures in probation violations. If you don't know those things ... there might be some rights that you would lose or waive or give up or not be able to take advantage of. Sometimes people even refer to them as technicalities. So do you understand that if you choose to represent yourself, and you don't know something about the law, then that's just the way you find yourself. Do you understand that?
 

 DEFENDANT: No.
 

 THE COURT: Do you have any questions about that?
 

 DEFENDANT: No.
 

 THE COURT: Do you want to represent yourself?
 

 DEFENDANT: I would ask to have standby counsel.
 

 THE COURT: You'd like to have standby counsel?
 

 DEFENDANT: Yes.
 

 *417
 
 THE COURT: Then do you understand if you choose to represent yourself, I'm required to have this conversation with you about your decision to be sure that you understand[.] ... I don't have to decide whether it's a good decision, but that you understand your decision to represent yourself. So knowing all that you know
 
 *840
 
 about yourself, the circumstances that you find yourself in, the potential consequences, everything I've discussed with you and everything else that you know about your situation, you choose now to give up your rights to a lawyer and represent yourself, but you request standby counsel. Is that right?
 

 DEFENDANT: Yes, sir.
 

 THE COURT: All right. Have the defendant sign a waiver of all counsel. This is a document agreeing to what you just said to me.
 

 ...
 

 THE COURT: The Court has complied with 15A-1242. The defendant should be allowed to represent himself as he has requested. Further, pursuant to 15A-1243, the defendant's request to have standby counsel appointed to assist him when called upon and to bring to the Judge's attention matters favorable to the defendant upon which the Judge should rule upon his own motion is granted. That is, defendant's request for standby counsel is granted.
 

 ...
 

 DEFENDANT: Could you state your jurisdiction for the record, sir?
 

 THE COURT: I think I understood your question. But would you say it a little slower and clearer?
 

 DEFENDANT: Would you state your jurisdiction for the record, sir?
 

 THE COURT: Yes, sir. I'm a Superior Court Judge.
 

 DEFENDANT: I didn't ask what kind of judge you were.
 

 THE COURT: You can move ... on to the next case.
 

 In the trial court's discussion with defendant, the court explained the "nature of the charges and proceedings and the range of permissible
 
 *418
 
 punishments" and informed defendant of "his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled," as required by N.C. Gen. Stat. § 15A-1242. In response, defendant "clearly and unequivocally" asked to represent himself. The trial court then informed defendant that (1) if defendant represented himself, the trial court would not serve as a legal adviser to defendant; (2) if defendant proceeded
 
 pro se
 
 he would be expected to know and follow the rules and procedures of court; and (3) that at a probation violation hearing, the State is not required to prove violations beyond a reasonable doubt, but only to the reasonable satisfaction of the court. Defendant indicated that he understood each of these warnings regarding the consequences of representing himself. We conclude that the trial court's inquiry of defendant met the standard set out in N.C. Gen. Stat. § 15A-1242 and that the trial court did not err by allowing defendant to proceed
 
 pro se
 
 .
 

 We note that this conclusion is also supported by our jurisprudence interpreting N.C. Gen. Stat. § 7A-457 (a) (2015), which provides in relevant part that:
 

 An indigent person who has been informed of his right to be represented by counsel ... may, in writing, waive the right to in-court representation by counsel[.] ... Any waiver of counsel shall be effective only if the court finds of record that at the time of waiver the indigent person acted with full awareness of his rights and of the consequences of the waiver. In making such a finding, the court shall consider, among other things, such matters as the person's age, education, familiarity with the English language, mental condition, and the complexity of the crime charged.
 

 N.C. Gen. Stat. § 7A-457 requires the trial court to find "that at the time of waiver, the defendant acted with full awareness of his rights and of the consequences of the waiver.... This is similar to the inquiry required under N.C.G.S. § 15A-1242 and may be satisfied in a like manner."
 
 State v. Heatwole
 
 ,
 
 344 N.C. 1
 
 , 18,
 
 473 S.E.2d 310
 
 , 318 (1996). Accordingly, in determining whether the trial court properly allowed defendant to represent himself, it is appropriate to consider the defendant's "age, education, familiarity with the English language, mental condition, and the complexity of the crime charged" as set out in N.C. Gen. Stat. § 7A-457. In this case, the record indicates that defendant was 23 years old, spoke English, had a G.E.D. degree, had attended college for one semester,
 
 *841
 
 and had no mental defects of record. In addition, there were no factual or legal complexities involved in the determination of
 
 *419
 
 whether defendant had violated his probation. The alleged violations-defendant's conviction of other offenses while on probation, testing positive for the presence of marijuana, and being in arrears on court-ordered payments-were easily established by means of the official records of the defendant's 2014 convictions and the testimony of defendant's probation officer. Moreover:
 

 "A proceeding to revoke probation [is] often regarded as informal or summary, and the court is not bound by strict rules of evidence. An alleged violation by a defendant of a condition upon which his sentence is suspended need not be proven beyond a reasonable doubt. All that is required is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has violated a valid condition upon which the sentence was suspended. The findings of the judge, if supported by competent evidence, and his judgment based thereon are not reviewable on appeal, unless there is a manifest abuse of discretion."
 

 State v. Williams
 
 ,
 
 230 N.C.App. 590
 
 , 597,
 
 754 S.E.2d 826
 
 , 830 (2013) (quoting
 
 State v. Tennant
 
 ,
 
 141 N.C.App. 524
 
 , 526,
 
 540 S.E.2d 807
 
 , 808 (2000) ),
 
 disc. review denied
 
 ,
 
 367 N.C. 298
 
 ,
 
 753 S.E.2d 670
 
 (2014). As a result of the relative informality of and the lower burden of proof at a probation revocation hearing, defendant's decision to represent himself did not require defendant to navigate complex evidentiary or procedural rules. We conclude that the inquiry conducted by the trial court in this case complied with N.C. Gen. Stat. § 15A-1242, that the factors set out in N.C. Gen. Stat. § 7A-457 also support the court's decision, and that the trial court did not err by allowing defendant to represent himself.
 

 Defendant's argument for a contrary result is primarily based upon the fact that during his colloquy with the trial court, defendant twice indicated that he did not understand a statement by the trial court. The relevant excerpt from the transcript is as follows:
 

 THE COURT: At a probation violation hearing, the State's not required to prove violations beyond a reasonable doubt, but only to the reasonable satisfaction of a judge. Do you understand that?
 

 DEFENDANT: Yes. Can you state your jurisdiction for the record?
 

 THE COURT: Further, do you understand that there might be things about the law that you don't understand because
 
 *420
 
 you're not schooled in law? There might be things that you couldn't take advantage of that would be to your benefit if you knew about. If you choose to represent yourself, you are, in effect, understanding all the circumstances you have, you are knowing the consequences and you further understand there might be things about the law that you can't use to your benefit? Do you understand that?
 

 DEFENDANT: I don't.
 

 THE COURT: There may be things about the law and procedures in probation violations. If you don't know those things ... there might be some rights that you would lose or waive or give up or not be able to take advantage of. Sometimes people even refer to them as technicalities. So do you understand that if you choose to represent yourself, and you don't know something about the law, then that's just the way you find yourself. Do you understand that?
 

 DEFENDANT: No.
 

 THE COURT: Do you have any questions about that?
 

 DEFENDANT: No.
 

 Defendant contends on appeal that because he twice indicated that he did not understand a statement by the trial court, the trial court's determination that defendant's waiver of counsel was knowing, intelligent, and voluntary was erroneous. We conclude that defendant's argument lacks merit.
 

 First, the statements about which defendant indicated confusion were not essential to the trial court's inquiry. The two questions to which defendant answered "No" when he was asked whether he understood consisted of reminders by the trial court that defendant was not a lawyer and therefore might not be aware of all of the legal rules applicable to his case. However, the trial court asked other questions that established defendant's understanding
 
 *842
 
 of the most important consequences of self-representation: that the trial court would not provide legal assistance to defendant, that defendant would be held to the same standards as a litigant with legal representation, and that the burden of proof in a probation revocation case was lower than that in a criminal trial and required only proof to the judge's satisfaction. We conclude that the trial court's decision to allow defendant to represent himself would have been valid even if the court had omitted these questions.
 
 *421
 
 In addition, "[i]t is axiomatic that 'it is within a trial court's discretion to determine the weight and credibility that should be given to all evidence that is presented during the trial.' "
 
 Don't Do It Empire, LLC v. Tenntex
 
 , --- N.C. App. ----, ----,
 
 782 S.E.2d 903
 
 , 910 (2016) (quoting
 
 Clark v. Dyer
 
 ,
 
 236 N.C.App. 9
 
 ,
 
 762 S.E.2d 838
 
 , 848 (2014),
 
 cert. denied
 
 ,
 
 368 N.C. 424
 
 ,
 
 778 S.E.2d 279
 
 (2015)). Thus, the trial court could properly evaluate the credibility of defendant's contention that he did not understand one or more of the trial court's statements. In this regard, the trial court was also allowed to consider the fact that defendant consistently asserted that because he was a "Moorish National" or "sovereign citizen" he was not subject to the court's jurisdiction.
 

 "[S]o-called 'sovereign citizens' are individuals who believe they are not subject to courts' jurisdiction[.] ... [C]ourts repeatedly have been confronted with sovereign citizens' attempts to delay judicial proceedings, and summarily have rejected their legal theories as frivolous."
 
 United States v. Davis
 
 ,
 
 586 Fed.Appx. 534
 
 , 537 (11th Cir. 2014),
 
 adopted by, relief dismissed at
 

 2015 WL 2401917
 
 ,
 
 2015 U.S. Dist. LEXIS 118200
 
 (N.D. Ga. 2015). The courtroom behavior of adherents to the "sovereign citizen" philosophy is sometimes frustrating to trial judges:
 

 The sovereign citizen typically files lots of rambling, verbose motions and, in court proceedings, will often refuse to respond coherently to even the simplest question posed by the Court. Each question by the judge is volleyed back with a question as to what is the judge's claim and by what authority is the judge even asking a question.... In proceedings, the observant sovereign citizen clings doggedly to the sovereign citizen script[.] ... For the most part, the defendant's statements to the Court are gibberish.
 

 United States v. Cartman
 
 ,
 
 2013 WL 2445158
 
 *1-2,
 
 2013 U.S. Dist. LEXIS 79137
 
 *3 (N.D. Ga. 2013),
 
 aff'd
 
 ,
 
 607 Fed.Appx. 888
 
 (11th Cir. Ga. 2015). A defendant's contention that he "does not understand" the proceedings is a common aspect of a "sovereign citizen" defense. For example, in
 
 State v. Mee
 
 ,
 
 233 N.C.App. 542
 
 ,
 
 756 S.E.2d 103
 
 (2014), the defendant challenged the court's jurisdiction, asserting that he was "a sovereign from [Moorish] descent" and a "free indigenous man" with rights under "the United Nations Declaration of Rights of Indigenous Peoples." When the trial court tried to determine whether the defendant wanted appointed counsel, the defendant repeatedly claimed that he understood nothing about the proceedings. On appeal, this Court upheld the trial court's ruling that the defendant had forfeited the right to counsel, noting the trial court's statement that:
 

 *422
 
 THE COURT: ... [T]he Court finds as a fact that Mr. Mee is intentionally disrupting these proceedings and intentionally trying to impede his trial. And that was apparent from his demeanor yesterday when I saw him.... So despite Mr. Mee's protestations that he does not understand these proceedings, the Court is of the opinion that he understands these proceedings very well, and just is not recognizing the Court[.] ... He's obstructing these proceedings.
 

 Mee
 
 ,
 
 233 N.C.App. at 559
 
 ,
 
 756 S.E.2d at 112-113
 
 . Similarly, in
 
 United States v. Rowell
 
 ,
 
 2016 WL 5478423
 
 *2-3,
 
 2016 U.S. Dist. LEXIS 134510
 
 *7,
 
 adopted by
 

 2016 WL 5477610
 
 ,
 
 2016 U.S. Dist. LEXIS 134511
 
 (E.D. Wis. 2016), the defendant, who claimed to be "a citizen of the Moorish Republic Nation," represented himself at trial. On appeal, the court held that the defendant was competent to waive counsel, notwithstanding the fact that the defendant had claimed not to understand the charges against him:
 

 ... Mr. Ali Bey has chosen to proceed
 
 pro se
 
 and made his jurisdictional arguments
 
 *843
 
 without the assistance of counsel. Based on my in-court interactions with Mr. Ali Bey, I have concluded that he is intelligent, aware of his surroundings, and cognizant of the adverse consequences that can attend self-representation.... To be sure, at times Mr. Ali Bey asserted that he did not understand the charges against him or the penalties he faced. But his statements stemmed, from my observation, from his refusal to recognize the authority of the United States and not from a failure of comprehension.
 

 We wish to be clear that this Court is not expressing an opinion on the sincerity of defendant's claim not to have understood two of the trial court's questions. Rather, we are simply noting that the trial court was charged with determining the credibility of defendant's statements. We also observe that after defendant indicated that he did not understand the trial court's statements, the court gave defendant an opportunity to ask questions and defendant indicated that he had no questions. We conclude that, on the facts of this case, the trial court's determination that defendant had made a voluntary, intelligent, and knowing waiver of counsel was not invalidated merely because defendant answered "No" when asked if he understood two of the trial court's questions.
 

 Defendant also argues that the trial court failed to inform him of the nature of the charges and the proceedings and of the possible sentences that might be imposed. Defendant acknowledges that the trial court
 
 *423
 
 reviewed these matters immediately before asking defendant whether he wished to retain counsel, seek assignment of counsel, or represent himself. Defendant contends, however, that the court's statements on the charges and possible penalties were not valid because the trial court did not repeat the same information after defendant asked to proceed
 
 pro se
 
 . Defendant cites no authority in support of this argument, and we conclude that defendant is not entitled to relief on this basis.
 

 Finally, defendant asserts that when he requested that the trial court appoint standby counsel, defendant "was no longer unequivocally requesting to proceed
 
 pro se
 
 ." In support of this position, defendant cites
 
 Thomas
 
 , in which the defendant stated that he did not want to proceed
 
 pro se
 
 or to be represented by counsel, but instead sought a "hybrid representation" in which the defendant would function as the "lead attorney" along with assigned counsel.
 
 Thomas
 
 is inapplicable to the present case, and defendant cites no authority holding that a defendant's request for standby counsel automatically invalidates his otherwise clear and unequivocal request to proceed
 
 pro se
 
 .
 

 For the reasons discussed above, we conclude that the trial court did not err by granting defendant's request to represent himself at the probation revocation hearing. Defendant has raised no other challenges to the judgments that activated his suspended sentences and we conclude that these judgments should be
 

 AFFIRMED.
 

 Judges STROUD and McCULLOUGH concur.
 

 [1]
 

 Defendant later filed a motion for appropriate relief on the grounds that his prior record level was miscalculated in the judgment sentencing him for possession of a firearm by a felon. Defendant's motion was granted and he was resentenced to a term of 14-26 months' for possession of a firearm by a felon.