CALABRIA, Judge.
Where defendant presents no support for his argument on appeal, that argument is deemed abandoned. Where defendant's sole argument on appeal is deemed abandoned, we dismiss that argument, and the appeal.
I. Factual and Procedural Background
In 1998, William Gerald Price ("defendant") and his wife, Carolyn B. Price ("Mrs. Price"), recorded a deed showing their acquisition of roughly 33 acres of property ("the property") in Ashe County. Sometime before 12 December 2002, Mrs. Price predeceased defendant, who received her interest in the property. On 12 December 2002, defendant obtained a loan from SunTrust Mortgage, Inc. ("SunTrust") in the amount of $190,000, secured by a promissory note and deed of trust pledging the property as security.
At some point thereafter, defendant defaulted under the note and deed of trust. SunTrust provided defendant notice of default and opportunity to cure his default, but defendant failed to do so. On 21 November 2011, SunTrust appointed Substitute Trustee Services, Inc. ("STS") as substitute trustee of the deed of trust. On 6 February 2012, STS filed a notice of hearing prior to foreclosure, seeking to initiate a power of sale foreclosure proceeding. On 10 May 2012, the Clerk of Superior Court of Ashe County entered an order that STS was entitled to proceed with the foreclosure proceeding.
Defendant appealed the order of the Clerk of Court to Ashe County Superior Court. The court then entered an order affirming the decision of the Clerk of Court, and allowing STS to proceed with foreclosure. Defendant appealed the decision of the trial court to this Court. On 16 January 2014, the trial court entered an order dismissing that appeal as a result of defendant's failure to comply with the North Carolina Rules of Appellate Procedure. Defendant did not appeal this dismissal.
On 11 February 2014, STS sold the property at a public auction. SunTrust was the highest bidder at the sale, and assigned its bid to the Federal National Mortgage Association ("Fannie Mae"). On 24 February 2014, STS executed a trustee's deed conveying the property to Fannie Mae.
On 15 May 2014, Fannie Mae sent defendant a notice to vacate the property. Defendant failed to do so. On 3 June 2014, Fannie Mae filed a request for issuance of order of possession of real property. On 5 June 2014, the Clerk of Court entered an order for possession of real property directing the Ashe County Sheriff's Office to remove defendant from the property. Defendant was removed on 13 June 2014. On 27 June 2014, defendant filed a motion to nullify the eviction order. On 11 August 2014, this motion was denied.
On 22 October 2015, Fannie Mae filed a verified complaint against defendant, alleging that defendant illegally re-entered the property, that defendant made use of a private road that runs through the property, and that defendant has since been arrested for trespass onto the property. Fannie Mae sought a temporary restraining order and preliminary injunction against defendant's access to the property, and a declaratory judgment stating that Fannie Mae is the owner of the property and that defendant has no legal or equitable right to the property or its use or access.
On 11 December 2015, defendant filed a responsive pleading, which purported to include counterclaims. He alleged that the Superior Court of Ashe County was "the wrong venue to hear an action in controversy between a corporation and a living man over the private land of the living man[,]" and alleged that the complaint against him was a "[f]rivolous claim for [h]arassment purposes only[.]" He also demanded trial by jury.
On 15 January 2016, Fannie Mae filed a motion to dismiss defendant's alleged counterclaims pursuant to Rules 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim) of the North Carolina Rules of Civil Procedure. On 25 January 2016, defendant filed a notice of default against Fannie Mae, alleging that it had failed to respond to his counterclaims. On 29 January 2016, defendant filed a motion requesting an entry of default against Fannie Mae, alleging that Fannie Mae failed "to plead or otherwise defend as provided by [R]ule 55(a) of the North Carolina Rules of Civil Procedure." On 13 June 2016, Fannie Mae filed a motion to strike defendant's notice of default, alleging that the Clerk of Court had not yet entered a default against Fannie Mae, and that therefore defendant's notice was untimely. On 8 July 2016, defendant filed a petition for writ of mandamus, seeking to compel the Clerk of Court to enter default against Fannie Mae. On 27 July 2016, defendant filed a motion in opposition to Fannie Mae's motion to strike. On 25 August 2016, the trial court entered an order granting Fannie Mae's motion to strike.
On 2 November 2016, the trial court entered an order granting Fannie Mae's motion to dismiss defendant's purported counterclaims. The order found that the counterclaims "fail[ed] to meet the threshold pleading requirements of Rules 8 and 9, where applicable, of the North Carolina Rules of Civil Procedure and therefore fail[ed] to state a claim upon which relief may be granted; and that the subject matter of Defendant's purported Counterclaims has already been adjudicated[.]" Defendant's purported counterclaims were therefore dismissed with prejudice.
From the order granting Fannie Mae's motion to strike, and the order dismissing defendant's purported counterclaims, defendant appeals.
II. Subject Matter Jurisdiction
In his sole argument on appeal, defendant contends that the trial court lacked subject matter jurisdiction to hear this case. Because defendant offers no legal support for his argument, we deem it abandoned, and dismiss it.
A. Standard of Review
"The question of subject matter jurisdiction may be raised at any time, even in the Supreme Court." Lemmerman v. A.T. Williams Oil Co., 318 N.C. 577, 580, 350 S.E.2d 83, 85 (1986). "Whether a trial court has subject-matter jurisdiction is a question of law, reviewed de novo on appeal." McKoy v. McKoy, 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010).
B. Analysis
On appeal, defendant contends that the trial court "erred in it's [sic] failing to establish subject matter jurisdiction ... after subject matter jurisdiction is properly challenged[.]" Defendant contends that he made a special appearance to challenge the subject matter jurisdiction of the trial court, and that the court, "at that time, failed to establish on the record it's [sic] jurisdiction[.]" He argues that because the trial court failed to establish its own jurisdiction, it lacked subject matter jurisdiction to hear this case.
Although defendant purports to cite several sources of law in his brief on appeal, he offers no legal basis for his contentions in this argument. Rather, his argument is premised exclusively upon the conclusory statement that the trial court "failed to establish on the record it's [sic] jurisdiction," and that therefore it lacked subject matter jurisdiction. We have long held that "[i]ssues ... in support of which no reason or argument is stated, will be taken as abandoned." State v. Maready, 205 N.C. App. 1, 15, 695 S.E.2d 771, 781 (quoting N.C.R. App. P. 28(b)(6) ), writ denied, disc. review denied, 364 N.C. 329, 701 S.E.2d 247 (2010). Further, where an argument is abandoned, we dismiss it. See State v. Bacon, --- N.C. App. ----, ----, 803 S.E.2d 402, 406 (2017).
Given that defendant offers no support for his contentions, we deem his argument abandoned, and dismiss it. As defendant's sole argument on appeal is dismissed, we dismiss defendant's appeal.
DISMISSED.
Report per Rule 30(e).
Judges DAVIS and TYSON concur.