TYSON, Judge.
William Gerald Price ("Defendant") appeals from an order of the trial court which, inter alia , granted plaintiff First National Mortgage Association's ("Fannie Mae") motion for summary judgment. Defendant has failed to present a cognizable argument for relief on appeal in accordance with N.C. R. App. P. 28(b)(6). We dismiss this appeal.
I. Background
The procedural history is taken from our prior opinions in Fed. Nat'l Mortg. Ass'n v. Price , --- N.C. App. ----, 808 S.E.2d 177, 2017 WL 6002761 (2017) (unpublished) ("Price I" ) and In re Foreclosure of Price , 245 N.C. App. 328, 782 S.E.2d 121, 2016 WL 410023 (2016) (unpublished). In 2002, Defendant obtained a loan of $190,000.00 from SunTrust Mortgage, Inc. ("SunTrust"). The loan was evidenced by a promissory note and secured by a recorded deed of trust upon a 33-acre parcel of land ("the property") Defendant owned in Ashe County, North Carolina.
After Defendant defaulted on the note, SunTrust appointed Substitute Trustee Service, Inc. ("STS") as the substitute trustee of the deed of trust. In 2012, STS commenced a power-of-sale foreclosure proceeding before the Ashe County Clerk of Superior Court (the "Clerk"), in case number 12 SP 18. See N.C. Gen. Stat. § 45-21.16 (2017). The Clerk authorized STS to proceed with the foreclosure. Pursuant to N.C. Gen. Stat. § 45-21.16(d1) (2017), Defendant appealed to superior court, which also authorized the foreclosure. Defendant's prior appeal to this Court was dismissed for lack of timely perfection.
SunTrust was the high bidder at the foreclosure sale in February 2014. No upset bids were filed. SunTrust subsequently assigned its bid to Fannie Mae. After the foreclosure sale was confirmed, STS executed and recorded a trustee's deed on 5 March 2014, conveying the property to Fannie Mae. When Defendant refused to vacate the property, Fannie Mae obtained an order for possession from the Clerk. See N.C. Gen. Stat. § 45-21.29 (2017). The sheriff removed Defendant from the property on 13 June 2014.
On 30 December 2014, Defendant filed a motion to vacate in superior court seeking to challenge and vacate all orders entered in the foreclosure proceeding. The superior court entered an order on 9 March 2015 denying Defendant's motion to vacate and forbade him to file additional motions challenging the foreclosure sale. This Court dismissed Defendant's appeal from the 9 March 2015 order, and held "the rights of the parties in this action have been fixed, and respondent's challenge to the foreclosure is moot." In re Foreclosure of Price , 2016 WL 410023 at *2.
On 22 October 2015, Fannie Mae filed a verified complaint for declaratory and injunctive relief against Defendant in case number 15 CVS 424. Fannie Mae alleged Defendant had illegally re-entered the property and was utilizing a private road located thereon. Defendant filed a responsive pleading in which he purported to assert counterclaims against Fannie Mae.
Defendant claimed, in part, that the superior court was "the wrong venue to hear an action in controversy between a corporation and a living man over the private land of the living man[.]" Price I , 2017 WL 6002761 at *2. On 2 November 2016, the superior court granted Fannie Mae's motion to dismiss Defendant's purported counterclaims for failure to state a claim upon which relief may be granted and upon grounds of res judicata . Id.
In Price I , this Court considered Defendant's appeal from the order, which had dismissed his purported counterclaims. Defendant claimed the superior court lacked subject matter jurisdiction in the cause and asserted the court had "failed to establish on the record it's [sic] jurisdiction[.]" Price I , 2017 WL 6002761 at *2. We dismissed Defendant's appeal for non-compliance with N.C. R. App. P. 28(b)(6), concluding as follows:
Although defendant purports to cite several sources of law in his brief on appeal, he offers no legal basis for his contentions in this argument. Rather, his argument is premised exclusively upon the conclusory statement that the trial court "failed to establish on the record it's [sic] jurisdiction," and that therefore it lacked subject matter jurisdiction. We have long held that "[i]ssues ... in support of which no reason or argument is stated, will be taken as abandoned." State v. Maready , 205 N.C. App. 1, 15, 695 S.E.2d 771, 781 (quoting N.C. R. App. P. 28(b)(6) ), writ denied, disc. review denied , 364 N.C. 329, 701 S.E.2d 247 (2010). Further, where an argument is abandoned, we dismiss it.
Id. at *3.
In the superior court proceedings, Fannie Mae filed a motion for sanctions, a motion to have admissions deemed admitted, and a motion for summary judgment on 15 May 2017, citing Defendant's non-compliance with a prior court order to compel adequate discovery responses. Defendant filed a "Request; To Vacate the Void Judgment" and a motion to dismiss, asserting both the superior court's lack of subject matter jurisdiction and his own continued ownership of the property.
After a hearing on the parties' motions, the superior court granted summary judgment to Fannie Mae on 29 January 2018. The court found Defendant had failed to comply with Fannie Mae's discovery requests or the court's own order compelling his compliance. The court struck Defendant's answer to the complaint and deemed him to have admitted to the averments in Fannie Mae's request for admissions.
The court declared Fannie Mae to be the owner of the property and enjoined Defendant's entry onto the property or use of the private road thereon for any purpose. It further ruled Defendant's "Request; To Vacate the Void Judgment" to be "barred by res judicata" as an impermissible "collateral attack" on the foreclosure sale in 12 SP 18. Defendant filed timely notice of appeal.
II. Jurisdiction
Jurisdiction lies with this Court pursuant to N.C. Gen. Stat. § 7A-27(b) (2017).
III. Issue
As in Price I , Defendant solely contends that "[t]he trial court erred in it's [sic] failing to establish subject matter jurisdiction ... after subject matter jurisdiction is properly challenged[.]" See Price I , 2017 WL 6002761 at *2.
IV. Standard of Review
"Whether a trial court has subject-matter jurisdiction is a question of law, reviewed de novo on appeal." McKoy v. McKoy , 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010).
V. Analysis
Though his brief to this Court includes a "Table of Authorities" with quotations from the Articles of Confederation, Declaration of Independence, and certain Reconstruction-era documents, Defendant again presents no coherent argument or binding legal authority to support his assertion that the superior court is a "Private Military court" having "no Delegated Authority to interact with [Defendant], live man, and the inhabitants on North Carolina, state Republic[.]"
As we observed in State v. Rogers , --- N.C. App. ----, 808 S.E.2d 156 (2017),
Defendant's jurisdictional argument appears to be based on defendant's perceived status of himself as a "sovereign citizen." "[S]o-called 'sovereign citizens' are individuals who believe they are not subject to courts' jurisdiction[.] ... [C]ourts repeatedly have been confronted with sovereign citizens' attempts to delay judicial proceedings, and summarily have rejected their legal theories as frivolous.
Id . at ----, 808 S.E.2d at 158 n.1 (quoting State v. Faulkner , --- N.C. App. ----, ----, 792 S.E.2d 836, 842 (2016) (alterations in original)). Because Defendant "offers no legal basis for his contentions[,]" id. at *3, we deem his jurisdictional claim abandoned pursuant to N.C. R. App. P. 28(b)(6) and dismiss his appeal. Maready , 205 N.C. App. at 15, 695 S.E.2d at 781 ; see also State v. Bacon , --- N.C. App. ----, ----, 803 S.E.2d 402, 406 (2017), disc. review denied , --- N.C. ----, 817 S.E.2d 394 (2018).
VI. Conclusion
Defendant failed to provide a coherent legal argument to support his contentions. We dismiss his frivolous appeal.
Fannie Mae's brief to this Court includes a motion for sanctions under N.C. R. App. P. 3. We allow Fannie Mae's motion and remand to the superior court for a hearing on the sanctions to be imposed upon Defendant. It is so ordered .
APPEAL DISMISSED, MOTION ALLOWED, AND REMANDED.
Report per Rule 30(e).
Judges BRYANT and ARROWOOD concur.