[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 20, 2003
THOMAS K. KAHN
CLERK

No. 02-13077
Non-Argument Calendar

D.C. Docket No. 01-00183-CR-001

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHERWIN TYRNEAL NICKELS,

Defendant-Appellant.

Appeal from the United States District Court for the
Southern District of Alabama

**(March 20, 2003)**

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Sherwin Tyrneal Nickels ("Nickels") appeals the district court's

denial of his motion for a presentence psychiatric or psychological examination

under 18 U.S.C. §§ 3552(c) and 4241. Specifically, Nickels argues that the district court abused its discretion in denying his § 3552(c) motion. He also argues that the district court erred in denying his motion under 18 U.S.C. § 4241 because there existed reasonable cause to believe that he was incompetent to stand trial or to be sentenced.

## I.

Section 3552(c) provides:

> If the court, before or after its receipt of a report specified in subsection (a) or (b) desires more information than is otherwise available to it as a basis for determining the mental condition of the defendant, the court may order the same psychiatric or psychological examination and report thereon as may be ordered under section 4244(b) of this title.

18 U.S.C. § 3552(c). We review the district court's denial of a § 3552(c) motion for an abuse of discretion. *United States v. Limberopoulos*, 26 F.3d 245, 254 (1st Cir. 1994). Because the district court had adequate information to make a decision regarding Nickels's mental condition, and did not believe that it needed additional information to make its determination, we hold that the district court did not abuse its discretion in denying Nickels's motion for a presentence psychological examination under 18 U.S.C. § 3552(c).

## II.

Nickels also argues that the district court erred in denying his motion under 18 U.S.C. § 4241 because reasonable cause existed to believe that he was incompetent to stand trial or to be sentenced. He further contends that the district court used an incorrect legal standard to determine whether to grant his § 4241 motion.

Section 4241 provides:

> **(a) Motion to determine competency of defendant.** – At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.
>
> **(b) Psychiatric or psychological examination and report.** – Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c).

18 U.S.C. § 4241(a), (b).

We review the denial of a § 4241 motion for an abuse of discretion. *United States v. General*, 278 F.3d 389, 396 (4th Cir. 2002); *United States v. George*, 85 F.3d 1433, 1436-37 (9th Cir. 1996). We have held that "a trial court may rule on a § 4241 motion of incompetency without benefit of a full dress hearing so long as the court has no 'bona fide doubt' as to the competence of the defendant." *United States v. Cruz*, 805 F.2d 1464, 1479 (11th Cir. 1986). "The legal test for competency is whether the defendant had 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and whether he had 'a rational as well as factual understanding of the proceedings against him.'" *Id.* (quoting *Dusky v. United States*, 362 U.S. 402, 402, 80 S. Ct. 788, 789 4 L. Ed. 2d 824 (1960)).

After reviewing the record, we conclude that the district court used the proper standard in denying Nickels's motion under 18 U.S.C. § 4241. Nickels did not present any bona fide doubt as to his competency to be sentenced. The district court also determined that Nickels had consulted rationally with his attorney, had an understanding of the proceedings against him, and was competent to enter a guilty plea.

**III.**

For the foregoing reasons, we affirm the district court's order denying

Nickels's motion for a presentence or psychological examination.

**AFFIRMED.**[1]

---

[1]The government's motion to dismiss this appeal is DENIED.