[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12996
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 20, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00003-CR-3-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRILL LEWIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 20, 2010)

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Terrill Lewis appeals his convictions for possession of a firearm by a

convicted felon, 18 U.S.C. § 922(g)(1) ("Count One") and possession with intent to distribute cocaine, cocaine base, and marijuana, 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and (b)(1)(D) ("Count Two").  He raises two issues on appeal.

## I.

First, Lewis argues that the district court should not have allowed the prosecutor to argue that the seized gun and drugs were found in the same room with men's clothes and adult pornography or to characterize Lewis as a convicted drug dealer during closing arguments without highlighting that his prior conviction was only relevant to Count One of the indictment.

Ordinarily we review allegations of prosecutorial misconduct *de novo* because it is a mixed question of law and fact.  *United States v. Eckhardt*, 466 F.3d 938, 947 (11th Cir. 2006).  In analyzing allegations of prosecutorial misconduct, we assess whether the challenged comments were improper, and if so, whether they affected the substantial rights of the defendant.  *Id.*  "A defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the remarks, the outcome of the trial would have been different."  *Id.* (citation omitted).  However, if "the record contains sufficient independent evidence of guilt, any error is harmless."  *Id.*

In evaluating a claim of prosecutorial misconduct, we examine the

2

comments "in the context of the entire trial and in light of any curative instructions." *United States v. Wilson*, 149 F.3d 1298, 1301 (11th Cir. 1998) (citation omitted). Accordingly, "[r]eversal on the basis of prosecutorial misconduct requires that the misconduct be so pronounced and persistent that it permeates the entire atmosphere of the trial." *United States v. McLain*, 823 F.2d 1457, 1462 (11th Cir. 1987) (citation omitted), *overruled on other grounds as recognized by United States v. Watson*, 866 F.2d 381, 385 n.3 (11th Cir. 1989). In *McLain*, we found that the prosecutor's misconduct did not warrant a reversal, but the cumulative effect of errors committed by the judge and the prosecutor denied the defendant of his right to a fair trial. *Id.*

Lewis concedes that he did not object to the prosecutor's repeated characterization of him as a "convicted drug dealer" during closing argument. Therefore, plain error review applies to his arguments on that point. *See United States v. Arias-Izquierdo*, 449 F.3d 1168, 1185 n.8 (11th Cir. 2006). Under plain error review, the burden is on the defendant to establish: (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Here, Lewis's prior conviction was admitted both to establish an element of Count One and, pursuant to Rule 404(b), as Count Two evidence that Lewis had

3

the requisite intent to distribute, and Lewis did not object when the court instructed the jury that it could consider the evidence when determining whether he did, in fact, have the requisite intent. Therefore, there is no merit to his argument that the prosecutor should have referred to Lewis only as a convicted felon without reminding the jury that his conviction was for drug distribution.

While the jury could consider the prior conviction when determining whether Lewis had the requisite intent for Count Two, the prosecutor's repeated references to him as a convicted drug distributor arguably could be seen as efforts to encourage the jury to improperly consider the prior conviction as propensity evidence. However, the district court properly instructed the jury as to the purpose for which the Rule 404(b) evidence was introduced. In addition, Lewis did testify in his own defense, so the prior conviction could impeach his credibility as well. *See* Fed. R. Evid. 609(a)(1). Moreover, there was sufficient evidence of Lewis's guilt for the jury to convict him. Therefore, Lewis has not established that his substantial rights were violated by the prosecutor's remarks.

Lewis next argues that the district court erred by allowing the prosecutor to argue that the seized firearm and drugs were found in the same room with men's clothes and adult pornography, and that the error was further compounded by the court's refusal to give a curative instruction to the jury. Instead, the court

4

instructed the prosecutor to tell the jury that Lewis was not charged with possession of pornography and that the possession of pornography was not illegal, which allowed the prosecutor to repeat the word "pornography." Finally, he argues that the court's instructions at the beginning and the end of the trial that statements by the lawyers are not evidence were insufficient to overcome the repeated statements by the prosecutor. Therefore, Lewis's substantial rights were prejudiced, and his conviction should be reversed.[1]

A prosecutor acts improperly at closing argument if his argument exceeds the evidence presented. However, a prosecutor may state conclusions drawn from the evidence during his closing argument. *United States v. Bailey*, 123 F.3d 1381, 1400 (11th Cir. 1997). Here, the prosecutor's references to "adult pornography" were not improper. Lewis had denied that he lived in the house when the drugs and guns were found. In response, the prosecutor pointed to evidence that he <u>did</u> reside in the residence including a picture of the bedroom saying: "Those are men's clothes, [Exhibit] 1-J, men's clothes, and adult pornographic videos." We did not find this reference to be reversible error. Moreover, the Court instructed the prosecutor to advise the jury that Lewis was not charged with pornography and there was nothing illegal about possessing it, which the prosecutor did.

_____

[1]We reject the government's argument that these claims are subject to plain error review, finding that Lewis properly preserved these issues.

## II.

Lewis also argues on appeal that there was insufficient information from which the district court could determine his competency to stand trial. He asserts that the district court erred by relying on its own observations of Lewis combined with a months-old evaluation of Lewis by the Bureau of Prisons ("BOP") to find that Lewis was competent to stand trial and to deny his motion for a new competency evaluation. He asserts that this approach did not allow for his regression after being removed from the controlled environment of the mental health facility. He argues that the court's assessment of his behavior was inadequate to support its conclusion that he was competent. Therefore, because Lewis's present counsel had expressed concerns over his competency that were similar to those of his prior counsel, the court should have ordered a new evaluation of his competency.

We review the denial of 18 U.S.C. § 4241 motion to determine competency for abuse of discretion. *See United States v. Nickels*, 324 F.3d 1250, 1251 (11th Cir. 2002). We review the district court's finding that the defendant is competent to stand trial for clear error. *United States v. Izquierdo*, 448 F.3d 1269, 1276 (11th Cir. 2006). A district court's findings of fact are clearly erroneous "only when [we are] left with a definite and firm conviction that a mistake has been committed."

*Id.* at 1278 (quotation omitted).  Moreover, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."  *Id.* (citation omitted).

Section 4241 of Title 18 provides, in pertinent part, that "[a]t any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant . . . the defendant . . . may file a motion for a hearing to determine the mental competency of the defendant," which the court shall grant only "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent."  18 U.S.C. § 4241(a).  Further, "[p]rior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted."  18 U.S.C. § 4241(b).  In order to be considered competent for trial, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding," and he must have a "rational and a factual understanding of the proceedings against him."  *United States v. Cruz*, 805 F.2d 1464, 1479 (11th Cir. 1986) (quotation omitted).

It is within the province of the district court to make a competency evaluation under § 4241 based upon its own evaluation of the defendant "so long as the court has no 'bona fide doubt' as to the competence of the defendant."  *Cruz*,

805 F.2d at 1479 (citation omitted). Moreover, the district court may consider evidence relevant to the defendant's competency even if that evidence is not "presented to the judge in the form of admissible evidence." *United States v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005) (concluding that it was permissible for the district court to consider a letter that had been seized from the defendant's cell in determining that the defendant was competent).

Here, the district court did not clearly err when it found that Lewis was competent to stand trial. The district court had sufficient evidence before it from which it could have determined that Lewis was competent to stand trial, including the BOP's report and Lewis's letters to the court and his attorney. Moreover, the district court expressly stated on the record that it did not have a bona fide doubt as to Lewis's competency. Because the court did not err in determining that Lewis was competent to stand trial, it did not abuse its discretion by refusing to order another competency evaluation by Dr. Larson. In fact, the BOP's report had indicated Lewis was dishonest with Dr. Larson during his first evaluation.

**AFFIRMED.**

8