[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11520
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 9, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-20632-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NORRIS LUNDY,
a.k.a. Polo,

Defendant-Appellant

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 9, 2010)

Before DUBINA, Chief Judge, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Norris Lundy appeals his 188-month total sentence after pleading

guilty to two counts of possession of crack cocaine with intent to distribute, in violation of 21 U.S.C.§ 841(a)(1).

On appeal, Lundy argues that the district court erred in denying his motion for a second psychiatric evaluation, which he filed to assist in his sentencing. He notes that 18 U.S.C. § 3006A(e)(1) provides that district courts will authorize indigent defendants to obtain services "necessary for adequate representation." He contends that the district court's denial of his motion prejudiced him because it precluded him from requesting a diminished capacity departure pursuant to U.S.S.G. § 5K2.13. Additionally, he asserts that the denial left him unable to effectively argue for a reduced sentence based on his mitigating psychological issues.

We review the district court's denial of a motion for presentence psychiatric examination for abuse of discretion. *See United States v. Nickels*, 324 F.3d 1250, 1251 (11th Cir. 2003) (reviewing presentence motions brought under 18 U.S.C. §§ 3552(c) and 4241(a)).

"Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application." 18 U.S.C. § 3006A(e)(1). After appropriate inquiry, if the district court finds the services to be necessary, it shall authorize counsel to

obtain them. *Id.* "A court may refuse to authorize Section 3006A(e) expert services on grounds that they are not 'necessary' when it concludes that the defendant does not have a plausible claim or defense." *United States v. Rinchack*, 820 F.2d 1557, 1564 (11th Cir. 1987).

The guidelines provide that a "downward departure may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense." U.S.S.G. § 5K2.13. The guidelines do not require a defendant to submit to psychiatric examination in order to request a departure based on diminished capacity. *See id.*

In imposing a sentence, the district court is required to choose a term that is "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with needed educational or vocational training or medical care. *See* 18 U.S.C. § 3553(a). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent

policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7). For purposes of § 3553(a)(1), "the history and characteristics of the defendant" include the defendant's mental capacity. *See* 18 U.S.C. § 3553(a)(1); *see also United States v. Willis*, 560 F.3d 1246, 1251 (11th Cir. 2009) (discussing defendant's diminished mental capacity in the context of § 3553(a)(1)). A district court may assess a defendant's mental condition without the aid of a psychiatric examination if it has adequate information relating to the condition. *Nickels*, 324 F.3d at 1251 (affirming the denial of a motion for a psychiatric examination under 18 U.S.C. § 3552(c)).

After reviewing the record, we conclude that the district court did not err in sentencing Lundy without the aid of an additional presentence psychiatric examination, because such an examination was not "necessary for adequate representation" under 18 U.S.C. § 3006A(e)(1). Lundy did not need the additional examination in order to request a departure for diminished capacity. *See* U.S.S.G. § 5K2.13. The additional examination was also unnecessary for purposes of § 3553(a) sentencing arguments, since the district court may properly consider a defendant's mental condition without a presentence examination so long as it has adequate information relating to the condition. *See Nickels*, 324 F.3d at 1251. In

light of the ample information concerning Lundy's mental health available to the district court, it did not abuse its discretion in denying his request for an additional psychiatric examination. Accordingly, we affirm the denial of Lundy's request for additional psychiatric examination and his sentence.

**AFFIRMED.**