[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10982
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 14, 2010
JOHN LEY
CLERK

D.C. Docket No. 2:07-cr-00145-JES-DNF-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAIME MOLINA-GARCIA,
a.k.a. Jaime Garcia-Molina,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 14, 2010)

Before DUBINA, Chief Judge, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Appellant Jaime Molina-Garcia appeals his conviction and 72-month

sentence for illegal reentry into the United States following deportation, in violation of 8 U.S.C. § 1326(a), (b)(2). First, Molina-Garcia argues that the district court abused its discretion in denying his request at trial for a competency hearing.

A district court's denial of a motion for a competency hearing is reviewed for an abuse of discretion. *See United States v. Nickels*, 324 F.3d 1250, 1251 (11th Cir. 2003). "[I]n order to trigger the trial court's obligation to order a competency hearing, the court must have information raising a 'bona fide doubt' as to the defendant's competency." *Watts v. Singletary*, 87 F.3d 1282, 1287 (11th Cir. 1996) (habeas context). "Relevant information may include evidence of a defendant's irrational behavior, demeanor at trial, or prior medical opinion; but 'there are, of course, no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed.'" *Id.* (quoting *Drope v. Missouri*, 420 U.S. 162, 180, 95 S. Ct. 896, 908, 43 L. Ed. 2d 103 (1975)).

The district court conducted a pre-trial competency hearing. In ruling that Molina-Garcia was competent to proceed to trial, the district court considered Molina-Garcia's own expert's equivocal opinion that suggested the possibility of malingering, and the expert's determination, after proper testing, that Molina-Garcia actually was a malingerer who suffered no mental defect or disease. At

trial, Molina-Garcia expressed anger and frustration toward his counsel and the court because they refused to accept his claim that he was a lawful resident of the United States. None of his comments and rants required the district court to conduct another competency hearing. Accordingly, we conclude from the record that the district court did not abuse its discretion in denying Molina-Garcia's motion at his trial that the court order another competency hearing.

The district court did not plainly err in failing sua sponte to conclude that Molina-Garcia's decision not to testify was unknowing and involuntary; it had no duty to inquire more than it did, and both Molina-Garcia and his attorney advised the court that Molina-Garcia had decided not to testify. The district court also did not plainly err in removing Molina-Garcia from the courtroom when he persisted in disruptive behavior after the district court repeatedly warned him. The rules provide that such conduct amounts to a waiver of the right to be present during trial. *See* Fed. R. Crim. P. 43(c).

Molina-Garcia next argues that the court erred by enhancing his statutory sentence based on prior convictions not admitted by him or proven to a jury beyond a reasonable doubt. We review constitutional issues *de novo*. *United States v. Steed*, 548 F.3d 961, 978 (11th Cir. 2008). In *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27, 118 S. Ct. 1219, 1222, 140 L. Ed. 2d 350

(1998), the Supreme Court explained that a prior conviction used to enhance a sentence under § 1326(b)(2) is not an element of the offense, and, therefore, it need not be alleged in the indictment or found by a jury beyond a reasonable doubt.  Although *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) and subsequent decisions have cast doubt on the reasoning of *Almendarez-Torres,* we have repeatedly explained that *Almendarez-Torres* remains binding precedent unless and until that case is expressly overruled by the Supreme Court.  *See Steed*, 548 F.3d at 979-80; *United States v. Greer*, 440 F.3d 1267, 1273-76 (11th Cir. 2006); *United States v. Gibson*, 434 F.3d 1234, 1246-47 (11th Cir. 2006).  Thus, this argument has no merit.

For the aforementioned reasons, we affirm Molina-Garcia's conviction and sentence.

**AFFIRMED.**

4