[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13661
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 25, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:08-cr-10078-JEM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JUERGEN HEINZ WILLIAMS,
a.k.a. Jurgen H. Williams,
a.k.a. Juergen Heinz Werthmann,
a.k.a. Eric Williams,
a.k.a. Eric Scott Wallace,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 25, 2011)

Before BARKETT, WILSON and ARNOLD,[*] Circuit Judges.

_____

[*] Honorable Morris S. Arnold, United States Senior Circuit Judge for the Eighth Circuit, sitting by designation.

PER CURIAM:

Juergen Heinz Williams appeals his convictions and sentences for drug offenses involving smuggling marijuana and hashish oil into the United States. Specifically, Williams was charged with conspiring to import marijuana and hashish oil, importing marijuana, conspiring to possess with intent to distribute marijuana and hashish oil, and possessing with intent to distribute marijuana, in violation of 21 U.S.C. §§ 952(a), 963, 960(b), 841 and/or 846. The Superceding Indictment also contained allegations involving criminal forfeiture under § 853. On January 13, 2010, following trial, a jury convicted Williams on all counts. On July 26, 2010, the district court sentenced Williams to concurrent terms of life imprisonment on the conspiracy charges, as well as forty years' imprisonment for importing and possessing with intent to distribute. It also imposed five years' supervised release to follow imprisonment and ordered Williams to pay a $400 assessment.

On appeal, Williams argues that the district court erred by: (1) admitting post-arrest statements that Williams says were taken in violation of his Fifth Amendment right to counsel; (2) denying his motion for a competency hearing before sentencing; and (3) refusing to give his requested jury instruction on his innocent-intent theory of defense.

For the admission of post-arrest statements, we review the district court's factual determinations for clear error and legal conclusions *de novo*. *See United States v. Bernal-Benitez*, 594 F.3d 1303, 1318 (11th Cir.), *cert. denied*, 130 S. Ct. 2123 (2010). We review a district court's denial of a motion for a competency hearing under 18 U.S.C. § 4241 for an abuse of discretion. *United States v. Nickels*, 324 F.3d 1250, 1251 (11th Cir. 2003) (per curiam). And finally, we review a district court's refusal to submit a defendant's requested jury instruction for an abuse of discretion. *United States v. Morris*, 20 F.3d 1111, 1114 (11th Cir. 1994). In determining whether the district court abused its discretion by refusing to give a requested jury instruction, we consider three factors: "(1) whether the requested instruction is a substantially correct statement of the law; (2) whether the jury charge given addressed the requested instruction; and (3) whether the failure to give the requested instruction seriously impaired the defendant's ability to present an effective defense." *United States v. Chirinos*, 112 F.3d 1089, 1101 (11th Cir. 1997).

We have stated that "[e]ven an ambiguous or equivocal invocation of the right-to-counsel triggers the prophylactic rule, and further questioning is limited to clarification of the equivocal request." *Delap v. Dugger*, 890 F.2d 285, 293 (11th Cir. 1989). Here, Williams's request to call his attorney to tell him "he was going

to cooperate with the Government" constituted "some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney." *Davis v. United States*, 512 U.S. 452, 459 (1994) (internal quotation marks omitted). This "relatively rigid requirement . . . has the virtue of informing police and prosecutors with specificity as to what they may do in conducting custodial interrogation, and of informing courts under what circumstances statements obtained during such interrogation are not admissible." *Arizona v. Roberson*, 486 U.S. 675, 681 (1988) (internal quotation marks omitted). Williams named a specific attorney; further, he made this request after being read his *Miranda* rights but before signing the *Miranda* waiver. Because the law requires an officer to "scrupulously honor" a defendant's request to speak with his attorney, *James v. Arizona*, 469 U.S. 990, 992 (1984), we deem Williams's post-arrest statements and waiver to be "the product of the inherently compelling pressures [of a custodial interrogation] and not the purely voluntary choice of the suspect." *Roberson*, 486 U.S. at 681 (internal quotation omitted). Thus, the district court erred by admitting the post-arrest statements. Because we remand this case on other grounds, we need not decide whether the district court's error in admitting the post-arrest statements was harmless beyond a reasonable doubt. *See United States v. Rhind*, 289 F.3d 690, 694 (11th Cir. 2002) (concluding that any

error was harmless beyond a reasonable doubt when "the other evidence of guilt was so overwhelming that the defendant[] suffered no prejudice from the admitted evidence").

We need not address Williams's claim regarding a competency hearing because we are reversing his conviction and sentence; it will be "open to [Williams] to raise the question of his competence to stand trial at [a retrial] and to request a special hearing thereon." *Pate v. Robinson*, 383 U.S. 375, 387 (1966).

However, the failure to give the requested instruction on Williams's theory of defense constitutes harmful, reversible error. We find that the proposed instruction presented a valid defense and that there was some evidence, including Williams's testimony at trial, relevant to that defense. In *United States v. Ruiz*, 59 F.3d 1151 (11th Cir. 1995), we stated that the same pattern instruction submitted to the jury was inadequate because it "did not focus on the contention that criminal intent was negated by the defendant's honest but mistaken belief that the government, acting through [Ruiz's co-defendant], had authorized the drug transaction," and it thus "failed to recognize that a series of unlawful acts may be intentionally, willfully, purposefully, and voluntarily committed without criminal intent." *Id.* at 1154–55 (emphasis omitted). Thus, we concluded that "[t]he failure

to give the requested instruction seriously impaired the defense because Ruiz'

beliefs were critical to her entire theory." *Id.* at 1155.

Williams's requested instruction and the one that the district court actually

submitted here were nearly identical to Ruiz's requested instruction and the one

actually submitted to the jury in *Ruiz*. *See id.* at 1153 n.8. Further, we have

recognized innocent intent as a generally legitimate defense strategy to negate the

*mens rea* for a crime. *See United States v. Baptista-Rodriguez*, 17 F.3d 1354,

1364–65 (11th Cir. 1994). As did Ruiz, Williams testified that he was duped into

cooperating with the government. Thus, the district court erred by failing to

submit Williams's requested innocent-intent instruction to the jury, which was

critical to his defense.

Accordingly, we reverse Williams's convictions and sentences and remand

his case for a new trial. On remand, the district court should not permit the

government to introduce Williams's post-arrest statements.

**REVERSED AND REMANDED.**