[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10546
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cr-00235-CG-MU-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

STEPHEN WAYNE COLLINS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(November 9, 2020)

Before JORDAN, NEWSOM, and ED CARNES, Circuit Judges.

PER CURIAM:

After entering a written plea agreement, Stephen Wayne Collins pleaded

guilty to possessing child pornography in violation of 18 U.S.C.

§§ 2252A(a)(5)(B) and 2256(8)(A).  The district court sentenced him to 120

months in prison.  He contends that his plea was not knowing, voluntary, and

competent and that the district court erred by not conducting its own inquiry into the sufficiency of it.

## I.

A federal grand jury returned a three-count indictment against Collins, charging him with three child pornography offenses: advertising it, receiving and distributing it, and possessing it. Collins, who was represented by counsel, entered a written plea agreement. He agreed to plead guilty to one count of possessing child pornography in return for the government moving to dismiss the other two counts in the indictment.

The terms of the plea agreement provided that Collins had consulted with his attorney, fully understood his rights, had read the agreement and "reviewed every part of it with [his] attorney," and that he "voluntarily agree[d] to it." He also acknowledged that he was "certain that he [was] in full possession of his senses and [was] mentally competent to understand [the agreement] and the guilty plea hearing which [would] follow." Collins and his attorney both signed the agreement.

A week later at the plea hearing, Collins' attorney informed the court that the "Marshal's office" had given him and the prosecution some information about Collins. Counsel had been informed that Collins had arrived at the courthouse with a razor blade and suicide note and had attempted suicide. Counsel told the

2

court that he had not "had a chance to discuss that with [Collins] to evaluate whether that does have any impact on his willingness to enter a plea of guilty and possibly even his mental stability." He also told the court that he "need[ed] to talk to [Collins] and see what happened." The court agreed, instructing defense counsel to speak with Collins and evaluate his mental stability and willingness to enter a plea.

Collins and his attorney returned after an eight-minute recess. Defense counsel explained to the court that "[i]n my discussion with [Collins], there was nothing . . . that gave me any indication that he would not be competent to go forward." The court asked Collins himself if he felt "competent to proceed," and Collins said that he was competent. The court then noted Collins' personal and educational background and confirmed that he had previously been treated for post-traumatic stress disorder and bipolar disorder, but it had been more than a year since he had received any treatment for those conditions.

The district court discussed with Collins the details of his plea agreement. Collins acknowledged that he had been given enough time to read and discuss it with his attorney and that he was satisfied with his attorney's representation of him. In response to the court's questions, Collins confirmed that he had spoken to his attorney about the nature of the plea agreement, the consequences of pleading guilty, and how the sentencing guidelines worked. He confirmed that he

3

understood the terms of the plea agreement, including the consequences of the limited appeal waiver that was included in it.  The court then reviewed with Collins the rights he would be waiving by pleading guilty, including his right to a jury trial, his right to remain silent, and his right to put the government to its burden of proof in a trial. Collins confirmed that he understood those rights and that he was waiving them.

The court explained to Collins that it was not bound by the sentence recommended in the plea agreement and confirmed that he understood that "certain statutory sentencing factors . . . may result in the imposition of a sentence that's either greater or lesser than that called for by the sentencing guidelines[.]"  After making sure that Collins understood that he had "retained the right to appeal" only in limited circumstances, the district court accepted Collins' plea, finding that Collins was "fully competent" and "capable of entering an informed plea" and that the plea was made knowingly, voluntarily, and with an awareness of the charges and the consequences of pleading guilty.

Based on Collins' criminal history and total offense level, the PSR calculated an advisory guidelines range of 235 to 293 months in prison.  But the statutorily authorized maximum sentence for his crime was 120 months, see 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2), so that became the top and bottom of his recommended guideline range, see United States Sentencing Guidelines § 5G1.1(a)

4

(Nov. 2018); United States v. Irey, 612 F.3d 1160, 1169–70 (11th Cir. 2010) (en banc). Collins did not object to any part of the PSR.

The district court imposed a sentence of 120 months in prison and recommended that Collins be imprisoned at an institution where he could receive mental health counseling. Collins did not object to the sentence.

After sentencing, the district court granted Collins' counsel's request to withdraw from representing him. Collins filed a notice of appeal, and this Court appointed appellate counsel. His appellate counsel filed an Anders brief based on his view that the record showed no arguable issues of merit, and the government moved to dismiss based on the appeal waiver in Collins' plea agreement. This Court conducted its own review of the record and determined that there was an arguable issue of merit not barred by the appeal waiver: whether Collins was competent to enter a plea. As a result, this Court denied the government's motion to dismiss and ordered briefing on the issue of Collins' competence to enter a plea and any other issues counsel deemed appropriate to raise. The order also invited the government to seek to enforce the appeal waiver as to any issues that might be barred by it.

## II.

Collins contends that the district court should have ordered a competency hearing even though he did not request one. Before accepting a guilty plea, a

5

district court must first ensure the defendant's competency to enter the plea, "even in the absence of a demand by the defendant to determine his competency." United States v. Wingo, 789 F.3d 1226, 1235 (11th Cir. 2015) (citing Cooper v. Oklahoma, 517 U.S. 348, 354, 363 (1996); Pate v. Robinson, 383 U.S. 375, 378 (1966)). The district court must sua sponte order a competency hearing if it has "reasonable cause" to believe that a defendant may be incompetent. 18 U.S.C. § 4241(a). But even when a defendant does file a § 4241 motion of incompetency, a district court may rule on it "without benefit of a full dress hearing so long as the court has no 'bona fide doubt' as to the competence of the defendant." United States v. Nickels, 324 F.3d 1250, 1251–52 (11th Cir. 2003) (quoting United States v. Cruz, 805 F.2d 1464, 1479 (11th Cir. 1986)).

We review only for an abuse of discretion the court's decision not to conduct a competency hearing. United States v. Dixon, 901 F.3d 1322, 1341 (11th Cir. 2018). "An abuse of discretion can occur where the district court applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment." United States v. Brown, 415 F.3d 1257, 1266 (11th Cir. 2005).

The district court acted within its discretion by accepting Collins' statements that he was competent and not ordering a competency hearing to explore the matter any further. In deciding whether there is reasonable cause to question a

6

defendant's competency, district courts should consider the defendant's demeanor in the courtroom, any irrational behavior, and any medical opinion about his competence. See Wingo, 789 F.3d at 1236.

During the plea colloquy, Collins did not argue or suggest that he was not competent. That in itself "can be persuasive evidence that competency is not in doubt." Id. at 1238 (citing United States v. Rodriguez, 799 F.2d 649, 655 (11th Cir. 1986)). Not only that, but Collins and his attorney repeatedly and unambiguously assured the district court that he was competent to proceed. And Collins provided consistent and appropriate answers to the district court's questions; demonstrated an understanding of the indictment, plea agreement, appeal waiver, and consequences of a guilty plea; and represented that he had discussed those matters with his attorney.

Despite his insistence to the district court that he was competent, Collins argues that court had reasonable cause to believe that he was not. He bases his argument on the report of his suicide attempt on the morning of his plea hearing and his statement about his bipolar and PTSD diagnoses. But a defendant is not incompetent based solely on suicidal ideations or mental illness or disability. Because at their core, competency determinations have "a modest aim: [they] seek[] to ensure that [the defendant] has the capacity to understand the proceedings and to assist counsel." Godinez v. Moran, 509 U.S. 389, 402 (1993).

7

After being informed that the Marshal's Service had reported to counsel that Collins had attempted suicide, the district court recessed the proceeding so that defense counsel could confer with Collins and determine his "willingness to enter a plea of guilty" and "his mental stability." The proceeding resumed only after Collins and his attorney told the court they were ready to proceed. Both Collins and his attorney assured the court that Collins was competent to continue with the plea hearing. Nothing that occurred at the hearing gave the court reasonable cause not to believe the assurances about Collins' competence that it had heard. See 18 U.S.C. § 4241(a).[1]

The district court acted within its discretion by accepting Collins' assurances about his competency and proceeding with the plea hearing without conducting a separate, "full dress" competency hearing. Nickels, 324 F.3d 1250, 1252

---

[1] Collins points to certain information contained in his PSR. But it was prepared after his guilty plea was accepted and before his sentence hearing. As part of the preparation for the report, a probation officer interviewed him, and Collins told the officer that he needed mental health treatment and that his medications were not controlling his mental health issues. Collins also reported that he had attempted suicide in 2001 (17 years before). He equivocated when asked if he was experiencing renewed suicidal ideations: "'I don't want to say either way or [jail officials] will make me spend the night in the chair.'" The interviewing officer reported that "Collins communicated appropriately and appeared to understand the gravity of his current legal situation." Collins concedes on appeal that he revealed that information only after the plea hearing, at his presentence interview. As a result, the information could not have given the district court reasonable cause to conclude that a competency hearing should be ordered. See Tiller v. Esposito, 911 F.2d 575, 576 (11th Cir. 1990) (stating that a district court must decide whether to inquire into a defendant's competency based on "what it knew at the time of the trial or plea hearing").

8

III.

Going beyond the issue of whether the district court should have held a competency hearing, Collins contends that even without one the court should have raised the competency issue on its own and found that he did not knowingly and voluntarily enter his guilty plea because he was not competent to do so. He did not, however, raise that issue in the district court. We ordinarily review de novo the voluntariness of a guilty plea. United States v. Bushert, 997 F.2d 1343, 1352 (11th Cir. 1993). But when a defendant fails to object in the district court to an alleged Rule 11 violation or raise the competency or voluntariness issue, we review only for plain error. United States v. Vonn, 535 U.S. 55, 59 (2002); United States v. Monroe, 353 F.3d 1346, 1349 (11th Cir. 2003). Under that standard, the defendant must show that: "(1) an error occurred; (2) the error was plain; (3) it affected [his] substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." United States v. Rodriguez, 627 F.3d 1372, 1380 (11th Cir. 2010) (citation and quotations omitted).

A defendant's guilty plea must be knowing and voluntary in order to be constitutionally valid. United States v. Brown, 117 F.3d 471, 476 (11th Cir.1997). Federal Rule of Criminal Procedure 11 sets out procedures that the district court must follow when accepting guilty pleas, with the goals of ensuring that: (1) the guilty plea was free from coercion; (2) the defendant understood the nature of the

9

charges; and (3) the defendant understood the consequences of pleading guilty. United States v. Presendieu, 880 F.3d 1228, 1238 (11th Cir. 2018).

The court did not err, much less plainly err, in finding that Collins was competent to plead guilty and that his guilty plea was knowingly and voluntarily entered. For the reasons we have already discussed, the record establishes that Collins understood the nature of the charges and the consequences of pleading guilty. See United States v. DePace, 120 F.3d 233, 238 (11th Cir. 1997).

**AFFIRMED.**

10

JORDAN, Circuit Judge, concurring in the judgment:

Given the applicable abuse of discretion standard, I agree on this record that the district court did not commit reversible error in failing to sua sponte conduct a competency hearing. *Cf. United States v. Pope*, 146 F. App'x 536, 539-40 (2d Cir. 2005). Nevertheless, as a matter of best practices, I believe that defense counsel and the district court should have done more given that Mr. Collins sought to commit suicide on the very day that he entered his guilty plea. First, it is difficult to understand how defense counsel could determine, from an eight-minute conversation with a client who attempted to kill himself (and who had PTSD and bipolar disorder), that Mr. Collins was competent. Indeed, counsel told the district court nothing about the suicide attempt. Second, it is similarly hard to fathom why the district court, knowing some of Mr. Collins' mental issues, did not ask any questions about the suicide attempt during the plea colloquy or continue the hearing to make sure that there were no problems.

11