[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12262
Non-Argument Calendar

_____

D.C. Docket No. 0:17-cr-60119-KAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEROME SIMMONS,

Defendant-Appellant.

_____

No. 19-12263
Non-Argument Calendar

_____

D.C. Docket No.  0:17-cr-60119-KAM-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER BRINSON,

Defendant-Appellant.

_____

No. 19-12271
Non-Argument Calendar
_____

D.C. Docket No. 0:17-cr-60119-KAM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADRIAN HARDY,

Defendant-Appellant.

_____

No. 19-12309
Non-Argument Calendar
_____

D.C. Docket No.  0:17-cr-60119-KAM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

2

EMMORY MOORE,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(February 17, 2021)

Before WILLIAM PRYOR, Chief Judge, WILSON and ROSENBAUM, Circuit
Judges.

PER CURIAM:

In these consolidated appeals, Jerome Simmons, Christopher Brinson, Adrian Hardy, and Emmory Moore challenge their sentences and multiple convictions arising from the armed robberies of four jewelry stores in Florida and Georgia. Hardy argues that the district court should have evaluated his competency during trial and that it constructively amended his indictment in its jury instructions. He also argues that his conviction of brandishing a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii), should be vacated because federal kidnapping, *id.* § 1201(a), does not qualify as a crime of violence. All four defendants also argue that their convictions of brandishing a firearm in furtherance of a crime of violence, *id.* § 924(c)(1)(A)(ii), should be vacated because Hobbs Act robbery, *id.* § 1951(a), does not qualify as a crime of violence. And all four challenge their classification as career offenders under the Sentencing

3

Guidelines. *See* United States Sentencing Guidelines Manual § 4B1.1 (Nov. 2018). Simmons and Moore also contest their sentences to life imprisonment as repeat violent offenders under the "three strikes" law, 18 U.S.C. § 3559(c). We affirm in part, and we vacate and remand in part.

Four standards govern our review. We review the denial of a motion for a competency evaluation for abuse of discretion, *United States v. Nickels*, 324 F.3d 1250, 1251 (11th Cir. 2003), and findings of fact about a defendant's competency for clear error, *United States v. Bradley*, 644 F.3d 1213, 1267 (11th Cir. 2011). We review for plain error issues raised for the first time on appeal. *United States v. Olano*, 507 U.S. 725, 732 (1993). We review *de novo* whether a conviction qualifies as a crime of violence under section 924(c), *United States v. Bates*, 960 F.3d 1278, 1285 (11th Cir. 2020), and whether the district court correctly interpreted the Sentencing Guidelines, *United States v. Harris*, 586 F.3d 1283, 1284 (11th Cir. 2009). We review factual findings for sentencing for clear error. *United States v. Castaneda-Pozo*, 877 F.3d 1249, 1251 (11th Cir. 2017).

The district court did not abuse its discretion in denying Hardy's motion for a competency evaluation. The Due Process Clause of the Fifth Amendment prohibits the government from trying a defendant who is incompetent. *United States v. Cometa*, 966 F.3d 1285, 1291 (11th Cir. 2020). "The Due Process Clause also guarantees a right to a competency hearing [if] the court learns of information

4

that raises a bona fide doubt regarding the defendant's competence." *Id.* (internal quotation marks omitted). "A defendant is competent if he possesses the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense." *Id.* (internal quotation marks omitted). As defense counsel stated during trial, Hardy "understood what was going on in the courtroom." Hardy commented on trial matters, he played a role in his defense by reviewing evidence, making evidentiary motions, and demanding that counsel ask specific questions during cross-examination, and he occasionally accepted his attorney's advice.

Although Hardy had a history of mental health issues, his pattern of strategic disruptions supports the findings by the district court that no bona fide doubt existed about his competency to stand trial and that a mental evaluation was unnecessary. *See id.*; *Indiana v. Edwards*, 554 U.S. 164, 178 (2008) (stating that defendants may be "competent enough to stand trial . . . [yet] still suffer from severe mental illness"). Hardy complained that his trial was unfair, that the government was "railroad[ing]" him, and that counsel was not representing him effectively. He also cursed at and accused witnesses of perjury, argued with the district court, and cut himself with razor blade he smuggled into the courtroom. He used the razor blade after becoming exasperated with adverse rulings and, in the jury's presence, inflicted a minor wound that required only a bandage. The district

court was entitled to find that Hardy's behavior evidenced an intent to manipulate the proceedings.

Hardy also argues that the district court constructively amended his indictment, which charged him with kidnapping the victims "for ransom and reward and otherwise, that is, to commit a robbery," by instructing the jury that it could find Hardy guilty if the kidnapping was conducted for ransom, reward "or other benefit," but Hardy waived any objection to that instruction. "Under the doctrine of invited error, where a party expressly accepts a jury instruction, such action serves to waive his right to challenge the accepted instruction on appeal." *United States v. Baston*, 818 F.3d 651, 661 (11th Cir. 2016) (internal quotation marks omitted and alterations adopted). After the government proposed using the pattern jury instruction on kidnapping, Hardy's attorney agreed to the instruction, which included the "other benefit" language he now challenges. When the government later revised the instruction only to omit language about interstate commerce, Hardy's attorney objected to that revision. But he made clear that he otherwise agreed to the pattern instruction. Hardy cannot now complain about the "other benefit" language that he earlier approved.

The government concedes, and we agree, that the district court erred by convicting Hardy of count 11 in his indictment for brandishing a firearm in furtherance of a kidnapping. Section 924(c) imposes a mandatory minimum

6

sentence of seven years of imprisonment for "any person who, during and in relation to any crime of violence" brandishes a firearm. 18 U.S.C. § 924(c)(1)(A)(ii). Our recent decision in *United States v. Gillis*, 938 F.3d 1181, 1206 (11th Cir. 2019), makes clear that federal kidnapping, 18 U.S.C. § 1202(a), does not qualify as a crime of violence under section 924(c). So we vacate Hardy's conviction on count 11 and remand for resentencing without that conviction.

The district court did not err by using Hobbs Act robbery as the predicate offense for the defendants' other convictions of brandishing a firearm in relation to a crime of violence. *See id.* § 924(c)(1)(A)(ii). We held in *United States v. St. Hubert*, 909 F.3d 335, 345 (11th Cir. 2018), that Hobbs Act robbery qualifies categorically as a crime of violence under the elements clause in section 924(c)(3)(A). That precedent controls our resolution of this issue.

The government concedes, and we agree, that the district court erred by sentencing Brinson as a career offender. *See* U.S.S.G. § 4B1.1. We recently held in *United States v. Eason*, 953 F.3d 1184 (11th Cir. 2020), that Hobbs Act robbery, 18 U.S.C. §1951(a), does not qualify as a crime of violence under the career-offender guideline, U.S.S.G. § 4B1.2(a). We vacate Brinson's sentence and remand for the district court to recalculate his sentence without the career-offender enhancement.

The district court did not plainly err in sentencing Hardy as a career offender. *See id.* § 4B1.1. Although Hardy's conviction for Hobbs Act robbery does not constitute a crime of violence, *see Eason*, 953 F.3d at 1187, it is not plain that his conviction for federal kidnapping, 18 U.S.C. §1201(a), fails to qualify under the enumerated-offenses clause for the career-offender guideline, U.S.S.G. § 4B1.2. "An error is [not] plain [unless] it is clear or obvious—that is, if the explicit language of a statute or rule or precedent from the Supreme Court or this Court directly resolves the issue." *United States v. Innocent*, 977 F.3d 1077, 1081 (11th Cir. 2020) (internal quotation marks and citations omitted) (alteration adopted). Hardy identifies no precedent holding that federal kidnapping is not a crime of violence under section 4B1.1.

The error in sentencing Moore as a career offender was harmless because he received the same sentence of life imprisonment under the "three strikes" law, 18 U.S.C. § 3559(c). Section 3559(c) mandates a sentence of life imprisonment when a defendant is convicted of a serious violent felony and has two or more similar prior convictions. *Id.* § 3559(c)(1). Section 3559 defines "serious violent felony" as "a Federal offense . . . consisting of . . . robbery (as described in section 2111, 2113, or 2118); . . . [or] firearms use . . . ." *Id.* § 3559(c)(2)(F)(1). "[T]he term 'firearms use' means an offense that has as its elements those described in section 924(c) . . ., if the firearm was brandished, discharged, or otherwise used as a

weapon and the crime of violence . . . during and relation to which the firearm was used was subject to prosecution in a court of the United States . . . ." *Id.* § 3559(c)(2)(D). Moore's conviction of brandishing a firearm in furtherance of a Hobbs Act robbery, *id.* § 924(c)(1)(A)(ii), qualifies as a crime of violence as an offense consisting of firearm use, *id.* § 3559(c)(2)(D), (F)(1). And Moore does not dispute that he had two prior convictions of armed robbery with a firearm in 2001 and 2014 that qualify as serious violent felonies.

Moore's challenges of his conviction under section 3559 are foreclosed by binding precedent. Moore argues that section 3559(c) is unconstitutional because it improperly shifts the burden to him to disprove that his two prior robbery convictions are qualifying offenses to avoid a sentence of life imprisonment. But in *United States v. Gray*, 260 F.3d 1267, 1279 (11th Cir. 2001), we held that Congress could allocate the burden of proof to the defendant without offending his right to due process. And Moore's argument that his prior convictions should have been proved to a jury beyond a reasonable doubt is foreclosed by our precedent in *United States v. Harris*, 741 F.3d 1245, 1250 (11th Cir. 2014). Moore also argues that his sentence to life imprisonment violates the Eighth Amendment because he was a juvenile when convicted in 2001 of armed robbery. Although "mandatory life-without-parole sentences for juveniles violate the Eighth Amendment," *Miller v. Alabama*, 567 U.S. 460, 470 (2012), "repeat-offender laws . . . penaliz[e] only

the last offense committed by the defendant," *Nichols v. United States*, 511 U.S. 738, 747 (1994); *United States v. Rodriguez*, 553 U.S. 377, 386 (2008), and do not offend the Eighth Amendment. *United States v. Hoffman*, 710 F.3d 1228, 1232–33 (11th Cir. 2013). The district court sentenced Moore to life imprisonment as an adult for brandishing a firearm in furtherance of a Hobbs Act robbery, not for his prior conviction for armed robbery. The district court did not err by sentencing Moore to life imprisonment as a repeat violent offender. 18 U.S.C. § 3559(c).

The district court erred by enhancing Simmons's sentence under the career-offender guideline, U.S.S.G. § 4B1.1, and under the "three strikes" law, 18 U.S.C. § 3559(c). Simmons was misclassified as a career offender based on his conviction for Hobbs Act robbery. *See Eason*, 953 F.3d at 1187. And his sentence of life imprisonment is not otherwise salvaged by application of the repeat violent offender law, 18 U.S.C. § 3559(c). Although Simmons's conviction for brandishing a firearm during a crime of violence, *id.* § 924(c)(1)(A)(ii), constitutes a crime of violence under the enumerated-offenses clause of the definition of serious violent felony in section 3559, *id.* § 3559(c)(2)(D), (F)(1), he does not have two other qualifying prior convictions. Simmons did not dispute at sentencing that his conviction in 2010 for robbery with a deadly weapon constituted a serious violent felony. *See id.* But he invoked the affirmative defense provided in section 3559 to prove that his conviction in 2005 for strong-arm robbery did not count as a

10

strike. *See Gray*, 260 F.3d at 1278. And the district court clearly erred in rejecting Simmons's affirmative defense.

Simmons proved that his prior conviction for strong-arm robbery could "not serve as a basis for sentencing . . . [through] establish[ing] by clear and convincing evidence that (i) no firearm or other dangerous weapon was used in the offense; and (ii) the offense did not result in death or serious bodily injury." 18 U.S.C. § 3559(c)(3)(A). The incident report and victim statement of the robbery established that Simmons's codefendant drove a car into the rear of the victims' vehicle at a low speed, which caused "[o]nly a scratch and [a] fender bend," to lure the victims into the open for Simmons and his cohorts to steal their purses. The district court clearly erred in finding that the car was used as a dangerous weapon. *See Castaneda-Pozo*, 877 F.3d at 1251. Simmons proved that his codefendant did not operate the car in a manner that transformed it into a dangerous weapon by, for example, "us[ing] the car in a way that could have caused, [or] did cause, serious injury." *See United States v. Gumbs*, 964 F.3d 1340, 1351 (11th Cir. 2020). The district court erred by sentencing Simmons as a repeat violent offender under section 3559(c). We vacate Simmons's sentence of life imprisonment and remand for the district court to resentence him without an enhancement based on the career-offender guideline, U.S.S.G. § 4B1.1, or the "three strikes" law, 18 U.S.C. § 3559(c).

We **AFFIRM** Simmons's, Moore's, Hardy's, and Brinson's convictions for brandishing a firearm in relation to Hobbs Act robbery, *id.* § 924(c)(1)(A)(ii), as well as Hardy's convictions of conspiring to commit and committing Hobbs Act robbery, *id.* § 1951(a), and four counts of kidnapping, *id.* § 1201(a). We also **AFFIRM** Moore's sentence. But we **VACATE** Hardy's conviction for brandishing a firearm in furtherance of a kidnapping, *id.* § 924(c)(1)(A)(ii), and Brinson's and Simmons's sentences. We **REMAND** for the district court to resentence Hardy, Brinson, and Simmons consistent with this opinion.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**