**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4920**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

JOHNNY L. MORGAN,

                Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Senior District Judge.  (1:18-cr-00031-IMK-MJA-1)

Submitted:  May 17, 2021                                        Decided:  May 19, 2021

Before AGEE and WYNN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Brian J. Kornbrath, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant.  William J. Powell, United States Attorney, Andrew R. Cogar, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnny L. Morgan pleaded guilty, without a plea agreement, to conspiracy to possess with intent to distribute and to distribute marijuana, tetrahydrocannabinol, and methamphetamine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(C), (D); and distribution of each of those substances, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), (D). The district court imposed a sentence of 210 months' imprisonment, at the bottom of the advisory Sentencing Guidelines range. Morgan appeals, arguing that his sentence is procedurally unreasonable because the district court did not adequately consider his nonfrivolous arguments for a lower sentence and denied his motion for a physical examination prior to sentencing pursuant to 18 U.S.C. § 3552(b). Finding no error, we affirm.

We review Morgan's sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). As part of our reasonableness review, we consider whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. *Id*. at 49-51.

In crafting an appropriate sentence, the district court "must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a sufficiently detailed manner to allow this Court to conduct a meaningful appellate review." *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017). "We cannot assume that a sentencing court truly considered a defendant's nonfrivolous arguments . . . when the record fails to make it patently obvious," *id.* at 521

2

(internal quotation marks omitted), and the court's failure "to give specific attention to [defendant's] nonfrivolous arguments . . . [produces] a procedurally unreasonable sentence," *United States v. Lewis*, 958 F.3d 240, 245 (4th Cir. 2020) (citation and internal quotation marks omitted). However, "[t]he sentencing court's explanation need not be extensive," *United States v. Harris*, 890 F.3d 480, 485 (4th Cir. 2018); where the district court addresses the defendant's "central thesis" for mitigation, it need not "address separately each supporting data point marshalled on its behalf," *United States v. Nance*, 957 F.3d 204, 214 (4th Cir.), *cert. denied*, 141 S. Ct. 687 (2020). Furthermore, "we will not vacate [a] sentence simply because the [district] court did not spell out what the context of its explanation made *patently obvious*." *Blue*, 877 F.3d at 520-21 (internal quotation marks omitted).

We have reviewed the record and conclude that the district court adequately addressed Morgan's nonfrivolous sentencing arguments and made clear the reasons for the term of imprisonment it imposed. We also discern no abuse of discretion in the district court's denial of Morgan's request for a presentence physical examination under § 3552(b). *See* 18 U.S.C. § 3552(b) (authorizing the district court to "order a study of the defendant" if it "desires more information than is otherwise available to it as a basis for determining the sentence to be imposed"); *see also United States v. Nickels*, 324 F.3d 1250, 1251 (11th Cir. 2003) (reviewing district court's denial of 18 U.S.C. § 3552(c) motion for a presentence psychological examination for an abuse of discretion). Therefore, we affirm the district court's judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*